[No. 1507. Decided November 26, 1894.]

ELLA W. GRIESEMER, *Respondent*, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, *Appellant*.

LIFE INSURANCE—ACTION ON POLICY—CONFLICT OF LAWS—NOTICE OF PREMIUM DUE—TENDER.

The provision of the New York statute (Laws 1877, Ch. 321) regulating the manner in which life insurance companies doing business in that state may declare any policy of insurance forfeited or lapsed

by reason of non-payment of any annual premium, affects the policies issued in that state, whether by foreign or domestic companies, but has no application to policies not issued therein, although the companies issuing them may have been organized under the laws of the state of New York.

Where a policy of insurance provides by its terms that it is a "contract made and to be executed in the state of New York, and shall be construed only according to the charter of the company and the laws of that state," it must be construed as executed and delivered in that state, and, consequently, subject to the laws governing policies issued in the state of New York, although it was in fact executed and delivered in a foreign state.

Under a policy of life insurance governed by the statute of New York declaring that no such policy shall be forfeited for non-payment of any premium, unless at least thirty and not more than sixty days prior to the day when the premium is payable a notice has been mailed to the assured stating the amount of premium, when due, to whom and where payable, and that, if not paid when due, said policy and all payments thereon will become forfeited and void, a notice in the following form: "In accordance with your contract No. 204,439 with this company, $47.70 will be due on the 28th day of August, 1892, and payable to............................................................................

Yours respectfully, William H. Lambeth, General Agent," although addressed to the assured and mailed within sixty days prior to time for payment, is not sufficient to work a forfeiture of the policy, upon the failure of the policy holder to pay the premium when due.

In such case, an action may be maintained upon the policy after the death of the assured without the payment or tender of the premium due, when the action of the company shows that they would have refused a tender, if made, as they had already treated the rights of the claimant under the policy as terminated by the non-payment of premium, and had determined the cash value of the policy at the time of such default.

*Appeal from Superior Court, Pierce County.*

*Charles W. Seymour,* for appellant.

If the policy be still in force, unforfeited, unavoidable, the premium must be paid before any recovery can be had, *St. Louis, etc., Ins. Co. v. Grigsby,* 73 Ky. 310; *Ashbrook v. Phoenix Life Ins. Co.,* 94 Mo. 72; *Security Ins. Co. v. Gober,* 50 Ga. 404; *Hudson v. Knickerbocker Life Ins. Co.,* 28 N. J. Eq. 167; *Holly v. Metropolitan Life Ins. Co.,* 105 N. Y. 437; *Howell v. Knickerbocker Life Ins. Co.,* 44

N. Y. 276; *Wheeler v. Connecticut Mutual Ins. Co.*, 82 N. Y. 543; *Union Mutual Life Ins. Co. v. McMillen*, 24 Ohio St. 67; *Baxter v. Brooklyn Life Ins. Co.*, 119 N. Y. 458 (dissenting opinion).

Where an insurance policy is issued through an agency in a particular state, the policy is governed by the laws of that state. *Pritchard v. Norton*, 106 U. S. 124; *Bank of Augusta v. Earle*, 13 Pet. 519; *Scudder v. Union National Bank*, 91 U. S. 413; *Taylor v. Holmes*, 14 Fed. 505; *Insurance Co. v. Norton*, 96 U. S. 234; *Union Mutual Life Ins. Co. v. McMillen*, 24 Ohio St. 67; *Young v. Insurance Co.*, 45 Iowa, 377; *Schmidt v. Insurance Co.*, 2 Mo. App. 339; *King v. Harman's Heirs*, 6 La. 607; Wheaton, Conflict of Laws, § 401; Story, Contracts, § 653.

*S. Warburton* (*Crowley, Sullivan & Grosscup*, of counsel), for respondent.

The statute of New York (Laws 1877, p. 321) in reference to forfeitures of life insurance policies is a part of every contract made by insurance companies organized under the laws of that state, no matter where the contract is made. *Griffith v. New York Life Ins. Co.*, 36 Pac. 113; *Hebb v. Insurance Co.*, 20 Atl. 837; *Insurance Co. v. Ficklin*, 21 Atl. 680; *Same v. Same*, 23 Atl. 197; *Relfe v. Rundle*, 103 U. S. 222; 31 Fed. 197; 32 Fed. 814; *Canada Southern R. R. v. Gebhard*, 109 U. S. 527; *Washington Bank v. Hume*, 128 U. S. 195; *Insurance Co. v. Clements*, 140 U. S. 226; *Reilly v. Insurance Co.* 43 Wis. 449; *Chamberlain v. Insurance Co.*, 55 N. H. 249; *Emery v. Insurance Co.*, 52 Me. 322.

Said statute must be strictly interpreted in favor of the assured, in respect to the character of notice necessary to be served before forfeiture of policy can be declared. *Carter v. Insurance Co.*, 110 N. Y. 15; *Phelan v. Insurance Co.*, 113 N. Y. 147; *Baxter v. Insurance Co.*, 119 N. Y. 450; *De Frece v. Insurance Co.*, 136 N. Y. 144; *Griffith v. Insurance Co.*, 36 Pac. 113; *Hicks v. Insurance Co.*, 60 Fed. 690; 58 N. W. 667; *Sullivan v. Industrial Ben. Ass'n.*, 26 N. Y. Supp. 186.

The opinion of the court was rendered by

HOYT, J.—Plaintiff sought to recover on a policy of insurance issued by the defendant upon the life of her husband. His death was conceded, and it was also conceded that proof of that fact had been made substantially as required by the terms of the policy. Upon the receipt of such proofs payment was refused and the plaintiff, or her agent,

notified of the action of the company by a letter in which, among other things, the following statement appeared :

"Claim under policies 204,439 and 468,323, on the life of the late Chester F. Griesemer has been considered by our committee on mortuary claims. Both of these policies have been forfeited for non-payment of premium. On policy No. 468,323 but one annual premium has been paid, and the policy has therefore no value. The other policy, No. 204,439 had, at the time of its lapse a paid up value of $1397, and the committee have authorized the payment of this amount on the surrender of both policies with a full release to the company of all claims under them."

The fact of the non-payment of the premium is conceded by plaintiff; but she relies upon a certain statute of the state of New York to save the policy from forfeiture on account of the default. The part of said statute relied upon is as follows :

"No life insurance company doing business in the state of New York shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of non-payment of any annual premium or interest, or any portion thereof, except as hereinafter provided. Whenever any premium or interest due upon any such policy shall remain unpaid when due, a written or printed notice stating the amount of such premium or interest due on such policy, the place where said premium or interest should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy, if notice of the assignment has been given to the company, at his or her last known post-office address, postage paid by the company, or by an agent of such company or person appointed by it to collect such premium. Such notice shall further state that unless the said premium or interest then due shall be paid to the company or to a duly appointed agent or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void. In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding ; but

no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for.'' (Laws 1877, Ch. 321).

Defendant claims that the policy was forfeited notwithstanding the provisions of this statute, for the reasons, first, that rights under this policy are not affected by it; second, that if they were, the notice thereby required was sent to the assured. The construction of this statute therefore becomes a material question in the case.

It is claimed on the part of the plaintiff that upon its enactment it became attached to the defendant, it being a corporation organized under the laws of New York, and effected a change in its charter; so that every policy thereafter issued by it, whether in the state of New York or elsewhere, became subject to its provisions. On the other hand, it is claimed by the defendant that it only affected policies issued to, or held by, residents of the state of New York; that the evident object of its enactment was to protect such residents; that to give it a broader effect would be to convict the legislature of having discriminated against life insurance companies organized under the laws of the state.

We are unable to construe the law in accordance with the contention of either party. The construction contended for by the defendant is too narrow. The language used is that, '' No life insurance company doing business in the state of New York shall have power to declare forfeited or lapsed any policy * *.'' This language, construed in its ordinary sense, seems to preclude such a narrow construction. Beside, if it were warranted by the language, it would not be reasonable to suppose that the legislature intended to so limit the effect of the statute. If it had so intended, it would

have made use of language which in some manner confined the rights to be affected by the statute to residents of the state, instead of to companies doing business therein. While the construction contended for by the plaintiff seems to be equally untenable, for the reason that it would convict the legislature of having sought to accomplish something not in its power. So construed the act would apply to all policies of any company which should do business in the state of New York, wherever issued, regardless of the question as to whether or not it was organized under its laws. That the legislature of New York could not control companies not organized under its laws as to their business transacted in other states, is too clear for argument. Hence the construction contended for by respondent would convict the legislature of having attempted that which it could not do, or of having deliberately discriminated against its own companies.

In our opinion, the reasonable and ordinary construction of the language used in the statute is such as to make it applicable to business done in the state of New York ; and that the question as to whether or not the companies doing such business were organized under its laws, or those of some other state, has no influence upon the question as to whether or not the statute is applicable. This construction is justified by the language used, and will give force to every word, while the other will not do so. And since the well-settled rule as to construction of statutes requires every word to be given force if possible, it follows that the limitations of the act are impressed upon all policies issued in the state of New York by either domestic or foreign companies, and that it has no application to policies not issued therein, even although the companies issuing them were organized under its laws.

It follows from this construction that the important fact to be determined in the case at bar is the place where the policy was issued. It appears from the record that it was issued upon an application taken by an agent of the company in the city of Philadelphia, and that the policy was there delivered to the insured. From these facts it would appear that this

policy was issued in the state of Pennsylvania, and should be governed by its laws. It is, however, within the power of contracting parties, by the express terms of their contract, to establish the place where it shall have effect, and under what laws it shall be construed. If anything appears in the application upon which this policy was issued, or in the policy itself, that discloses an intention to locate the contract in any other state than in the one in which it was actually made and delivered, such intention must be given force, and, if sufficient, will have the effect, so far as the construction of the contract is concerned, to change the place of its execution to correspond with the intention of the parties. Looking to the policy in question we find inserted therein a condition as follows:

" This policy is a contract made and to be executed in the state of New York, and shall be construed only according to the charter of the company and the laws of that state, and no suit shall be brought against the company upon this policy except in the courts of that state or in the circuit or district court of the United States; nor shall any such suit be brought after the lapse of one year from the time when the cause of action accrues."

From which it clearly appears that it was the intent of the parties to locate the place of its execution in the state of New York. Especially does this appear to have been the intention of the defendant. The provision above quoted appears as a part of the printed form of the policy issued by the company. It could have been inserted therein only after full consideration, and its insertion could have had but one object, and that was to bring the policy as fully within the laws of the state of New York as though it had been actually executed and delivered therein. This was done for the benefit of the company, and it must abide the results flowing therefrom. In our opinion sufficient appears upon the face of the policy to require us to construe it as though it had been actually executed and delivered in the state of New York. It must follow that the statute in question must be given force in determining rights founded thereon.

This brings us to the consideration of the claim of the

company that it had complied with the requirements of the statute. It appears from the record that within the sixty days next preceding the time when the premium in payment of which default was afterwards made, became due, a notice in substantially the following form was mailed as required by the statute :

"In accordance with your contract No. 204,439 with this company, $47.70 will be due on the 28th day of August, 1892, and payable to
Yours respectfully,<br>
WILLIAM H. LAMBETH, General Agent."

And it is claimed on the part of the defendant that this was a substantial compliance with that portion of the statute which authorizes the company to send out the notice therein provided for within the sixty days next before the time when the premium to which it relates will become due. The language of the statute is that said notice shall state when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void. It is conceded by the defendant that the notice above referred to did not upon its face comply with the requirements of the statute ; but it is argued in its behalf that since it contained a reference to the policy and a statement that the premium would become due in accordance with its provisions, and since under such provisions the effect of non-payment was a forfeiture, that it was in substantial compliance with the provisions of the statute, and should have the same force as though the effect of the non-payment had been fully stated in the notice.

There is much force in this reasoning, and if it could be assumed that every policy holder was either a lawyer or a man of business sagacity, it might be proper to hold that such a notice was in compliance with the statute. But courts can take judicial notice of no such fact, if fact it be, in reference to the business qualifications of policy holders, and they must assume that the legislature meant not only to have the minds of the policy holders refreshed by the notice as to their duties under the policy, but also to have stated in

14-10W

such notice and brought directly home to them, the consequences flowing from the non-payment of the premium. And we are, therefore, unable to hold that the notice in the case at bar was equivalent to the one required by the statute. It follows that the policy was governed by the statute; that no notice as therein required had been sent by the company, and that for that reason it had not been forfeited by the assured at the time of his death.

The appellant alleges one other reason for the reversal of the judgment, which it is necessary for us to consider. It was not made to appear from the record that there had ever been any tender of the premium which became due before the death of the assured. And it is contended that, since the payment of the premium was a condition precedent to the policy being kept in force, no action could be maintained thereon until such condition had been complied with by some one claiming under the policy. This contention is founded upon the well-settled legal proposition that an action cannot be maintained upon a contract by one party unless he has complied, or offered to comply, with all the conditions on his part to be performed. There is, however, a well-settled exception to this rule, when it relates to the question of tender of money, and that is that whenever it clearly appears that the tender, if made, would not have been accepted, the contract may be enforced without such tender. And in our opinion the question of tender in the case at bar was within this exception. It appears from the notice sent by the company upon the receipt of proofs of death, that the company entered upon the investigation of the rights of the claimant under the policy and held that they were terminated by the non-payment of the premium. And we think that enough appears to show that the company elected to stand upon the forfeiture growing out of such non-payment, and would have refused any tender of such premium. Especially is this true, in view of the fact that they went on to determine the cash value of the policy at the time of the default in the payment of premium. This action of the company, construed in connection with the clause in the policy

which provides that from the amount due upon it shall first be taken any sums due to the company, sufficiently shows that the money would have been refused if properly tendered. Hence the action can be maintained without such tender having been made.

We have decided this latter question without regard to the case of *Baxter v. Brooklyn Life Ins. Co.*, 119 N. Y. 450 (23 N. E. 1048), in which it was held by a majority of the court that the premium was not due in the sense that the company could derive any advantage from its non-payment, until after the notice required by the statute had been given, for the reason that the minority of the court in its dissenting opinion has presented such arguments as to make us doubt the correctness of the decision. However, it is probable that we should follow the construction of the statute given by the highest court of the state without regard to our judgment as to the reasoning therein; but it is not necessary to determine that question for the reason that under the circumstances of this case the action could be maintained without the tender of the premium due.

The judgment will be affirmed.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.