SOFIE JOHNSON *vs.* MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK.

Suffolk.   November 12, 1901. — February 25, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Insurance, Life.   Statute,* Construction.   *Corporation,* Foreign.

The proviso of St. 1894, c. 522, § 73, that every life insurance policy which con-
tains a reference to the application of the insured must have attached to it a
correct copy of the application, and that the application unless so attached shall
not be a part of the policy or received in evidence, refers only to policies issued
in Massachusetts, and does not affect a suit in our courts on a policy issued by
a New York corporation doing business here to one living at the time in New
Hampshire but domiciled in Massachusetts.

HOLMES, C. J.   This is an action upon a policy of insurance
issued by a New York corporation.   The contract was made in
New Hampshire or New York, it does not matter which.   By
the policy the application was made a part of the contract, and
in the application the applicant warranted that he would not die
by his own act within two years.   He hanged himself within
two years, and this fact is relied upon as a defence.   The plain-
tiff seeks to avoid this defence on the ground that a copy of the
application was not attached to the policy.   The attachment of
a copy is not required by the laws of either New Hampshire or
New York, but the applicant, although living at the time in
New Hampshire, was domiciled in Massachusetts and the plain-
tiff for that reason seeks to bring the case within the require-
ments of Massachusetts law.   St. 1894, c. 522, § 73.   By the
last proviso of that section " every policy which contains a refer-
ence to the application of the insured, either as a part of the
policy or as having any bearing thereon, must have attached
thereto a correct copy of the application, and unless so attached
the same shall not be considered a part of the policy or received in
evidence."   The plaintiff argues that the words " every policy "
mean every policy with which the statute anywhere undertakes
to deal, (citing *Considine* v. *Metropolitan Ins. Co.* 165 Mass. 462,
and *Nugent* v. *Greenfield Life Association,* 172 Mass. 278, 281,)

that the proviso embodies a general purpose of protection to citizens of Massachusetts, and that, at least, it should be taken to lay down a rule of evidence for Massachusetts courts in suits upon policies issued to its citizens, wherever made, citing *Emery* v. *Burbank*, 163 Mass. 326. The case was submitted to the Superior Court upon agreed facts and inferences, judgment was entered for the defendant, and the plaintiff appealed. Of course all warranted inferences are established beyond revision in favor of the defendant. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536, 538.

We all are agreed that the defendant was entitled to judgment, and, notwithstanding the very elaborate argument for the plaintiff, a majority of the court is of opinion that the statute is of narrower meaning. The principal clause in § 73, to which the proviso is attached, concerns " any claim arising under a policy which has been issued in this Commonwealth by any life insurance company." *Prima facie* the words " every policy " in the proviso mean every policy of the kind under consideration in the principal clause, that is, policies issued in this Commonwealth. The *prima facie* interpretation is confirmed by the next words of the section. These are, " Each application for such policy shall have printed upon it in large bold faced type the following words : ' Under the laws of Massachusetts, each applicant for a policy of insurance to be issued hereunder is entitled to be furnished with a copy of this application attached to any policy issued thereon.' " It is not to be believed that these words were expected to be printed upon applications for policies outside the State. The same limit is manifest to the final requirement of the section that no life insurance company transacting business under the act shall issue any policy to a resident of this Commonwealth without certain characteristics intended to make the scope of the contract clear.

Primarily the proviso regulates the making or form of the contract, not the mode in which it shall be proved. There is no room for doubt that that is its chief purpose, and that being so there is no ground for extracting from it a rule of procedure broader than the rule of substantive law. It could not be tortured into a general rule of procedure, applicable to all policies wheresoever and by whomsoever issued, if sued upon in this

State.  *Bottomley* v. *Metropolitan Ins. Co.* 170 Mass. 274, 276, 277.   Still more plainly it cannot be read as a rule of procedure for all suits here upon policies issued upon Massachusetts lives or to persons domiciled in Massachusetts, or for suits by such persons against corporations doing business in this State.   The rule of procedure follows and is measured by the rule of substantive law.   The applications which are forbidden to be received in evidence are those which are required by the Massachusetts law to be attached to the policy, — no others.

Assuming that the proviso has the purpose just stated, such cases as we have seen upon kindred questions show that generally such statutes will be construed as intended to affect only contracts made within the jurisdiction.  *Mutual Ins. Co. of New York* v. *Cohen*, 179 U. S. 262, 265, 269.  *Griesemer* v. *Mutual Ins. Co. of New York*, 10 Wash. 202, 207.   Nothing was said or could have been decided in *Considine* v. *Metropolitan Ins. Co.* or *Nugent* v. *Greenfield Life Association*, that extended the proviso to policies issued by foreign companies outside the Commonwealth.   The policies in both these cases were issued in Massachusetts.   It would be most unusual for a State to try to regulate the form of contracts made outside of its jurisdiction, not reaching into the jurisdiction in their operation, and not necessarily ever coming before its courts.   Commonly such an attempt would be not only impolitic but beyond its power.   Probably the power of this State was not increased in that respect by the fact that the present defendant had complied with the laws of Massachusetts and did business here.  *Mutual Ins. Co. of New York* v. *Cohen*, 179 U. S. 262, 269, citing 10 Wash. 207.  *Belknap* v. *Johnston*, 86 N. W. R. 267.   But were it otherwise, we should need clear words or strong grounds of policy before supposing that the Legislature had pressed its power to such an extreme.   Certainly we should not force an unnatural construction upon plain language in order to reach so unusual a result.

In *Bottomley* v. *Metropolitan Ins. Co.* 170 Mass. 274, 277, it was assumed that unless the contract was made in Massachusetts an enactment like the one in question did not apply.   See also *Millard* v. *Brayton*, 177 Mass. 533, 537, where the contract was made with a corporation doing business in this State.

The most natural interpretation of the seeming attempt in § 3

to extend the operation of the statute in certain cases beyond the limits of the State would be to take that attempt as confined to Massachusetts corporations. But however that may be, we find nothing in it which leads us to doubt that the words in § 73 "which has been issued in this Commonwealth" mean actually issued and are not extended by the end of § 3, or that the proviso under consideration is limited to policies actually issued here.

The statute construed in *Emery* v. *Burbank*, 163 Mass.. 326, deals with a case standing on peculiar grounds, — the case of contracts by Massachusetts testators to make a will. The decision left it undetermined whether the act referred only to procedure, but held that even if directed primarily to the validity and form of such contracts it embodied a fundamental policy and also by implication forbade suits against Massachusetts testators upon oral contracts made out of the State. No doubt that was reading a good deal into the act, if, as it seemed, the act dealt primarily and expressly with the form alone of the contracts and therefore was confined to contracts made in Massachusetts in all that it actually said. But, as was observed, contracts of that sort necessarily reach into the jurisdiction in their operation, and naturally find their place of performance, as well as their forum for a suit in case of breach, in the domicil. There were special reasons, therefore, for believing that the statute meant to put forth all the powers of the State by requirements for procedure as well as for form in matters in which this Commonwealth was so peculiarly concerned. But those considerations have no application to this case. Massachusetts is not concerned with contracts in general made elsewhere, simply because one of the parties is domiciled here.

*Judgment for the defendant.*

*W. G. Thompson (H. R. Bygrave* with him,) for the plaintiff.
*R. Foster,* for the defendant.