[No. 4811. Decided December 21, 1903.]

LARS O. LONE, *Administrator of the Estate of Joseph M. Rex, Deceased, Respondent,* v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, *Appellant.*[1]

LIFE INSURANCE—STALE DEMAND—FAILURE TO PAY PREMIUMS— NOTICE OF FORFEITURE — LAPSE OF POLICY IN MUTUAL COMPANY. Where the insured pays the first semi-annual premium upon a life policy in a mutual company, and for twelve years neither pays or offers to pay any premium, an action by his administrator, based on the theory that the statutory notice of forfeiture was not given, will be dismissed for the reason that the demand is

[1]Reported in 74 Pac. 689.

a stale one, irrespective of statutory regulations as to forfeitures, as the statute will be considered waived and the policy rescinded by the insured.

Appeal from a judgment of the superior court for King county, Griffin, J., entered April 14, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court, a jury being waived. Reversed.

*Struve, Hughes & McMicken,* for appellants, to the point that the insured had rescinded the policy and waived the statutory provisions for notice of forfeiture, cited: Sedgwick, Constr. of Stat. & Const. Law, p. 86 (2d ed.); Cooley, Const. Lim., p. 214 (6th ed.); *Smith v. New England Mut. Life Ins. Co.,* 63 Fed. 769; *Hopkins v. Phoenix Ins. Co.,* 78 Iowa 344, 43 N. W. 197; *Shutte v. Thompson,* 15 Wall. 151; *Swain v. Seamans,* 9 Wall. 254; *Mutual Life Ins. Co. v. Phinney,* 178 U. S. 327, 20 Sup. Ct. 906.

*Frank B. Wiestling* and *John L. Neagle,* for respondent, cited: *Griesemer v. Mut. L. Ins. Co.,* 10 Wash. 202, 38 Pac. 1031; *Mutual Life Ins. Co. v. Hill,* 97 Fed. 263; *New York Life Ins. Co. v. Orlopp,* 25 Tex. 284, 61 S. W. 336; *Mutual Life Ins. Co. v. Dingley,* 100 Fed. 408; *Hathaway v. Mutual Life Ins. Co.,* 99 Fed. 534; *Griffith v. New York Life Ins. Co.,* 101 Cal. 627, 36 Pac. 113; *Baxter v. Brooklyn Life Ins. Co.,* 119 N. Y. 450, 23 N. E. 1048; *American Fire Ins. Co. v. Brooks,* 83 Md. 22, 34 Alt. 373; *Washington Life Ins. Co. v. Berwald* (Tex.), 72 S. W. 436; *Hill v. Mutual Life Ins. Co.,* 113 Fed. 44.

DUNBAR, J.—Appeal from a judgment rendered in favor of the administrator of the estate of Joseph M. Rex against the Mutual Life Insurance Company of New York, on a policy issued November 8, 1889, upon the life of Joseph M. Rex. Rex paid but one semi-annual premium, which was a

condition of the delivery of the policy. He lived for nearly twelve years thereafter, dying on the 1st day of August, 1901, during which time he never paid, or offered to pay, any premium. The usual allegations in relation to the issuing of the policy are made in the complaint, and the further allegation that said insurance policy was to be construed according to the laws of the state of New York. At the time of the issuing of said policy, a statute was in force in said state of New York to the effect, in substance, that no policy should be forfeited for nonpayment of any premium, unless, at least thirty and not more than sixty days prior to the day when the premium was payable, notice had been mailed to the assured, stating the amount of premium, when due, to whom, and where payable, and that if not paid when due said policy would become forfeited and void; and it is alleged that no such notice was given. The respondent relies upon the case of *Griesemer v. Mutual Life Ins. Co. of New York,* 10 Wash. 202, 38 Pac. 1031, and the kindred case in 10 Wash. 211, 38 Pac. 1034, holding that a contract of insurance issued in the state of New York is to be construed with reference to the laws of that state. But whether or not this case falls within the rule and reasoning of the *Griesemer* cases, *supra,* and whether or not subsequent amendments to the statute in New York could affect contracts entered into under preexisting laws, are subjects which we deem it unnecessary to discuss; for, conceding that the contract was to be construed with reference to the New York statute relied upon by the respondent, we do not think the respondent should recover in any event, for it appears that the claim is a stale one. When a man neglects for twelve years to make annual or semiannual payments provided for in an insurance contract, and never in fact makes any deferred payment whatever,

in the absence of a showing to the contrary, he ought to be held to have rescinded the contract which was made with special reference to such payments; they being in fact the actual consideration for the performance of the contract on the part of the insurance company. The statute, it is true, provides that no life insurance company shall have power to declare forfeited or lapsed any policy by reason of the nonpayment of any annual premium, unless notice be given in a specified manner; but a statute must be construed, and its provisions enforced, with reference to its objects; and the legislature, taking into consideration the infirmities of memory, enacted this statute for the purpose of preventing insurance companies from taking what in homely phrase is termed "snap judgment" on its patrons, thereby depriving them of the benefit of contracts by reason of slight negligence on their part, and when there was no real intention to rescind—a beneficent and just law if enforced in the spirit of its enactment, but oppressive and unjust if construed with narrow and literal exactness. This was not a law enacted in the interest of public policy, rights under which could not be waived, but it was made for the benefit of individuals who have power to waive the rights conferred. Statutory rights and even constitutional rights may be waived. Cooley's Const. Lim., p. 214 (6th ed.).

The real question at issue is, was the conduct of Rex such as to warrant the action of the company in declaring the contract rescinded, and proceeding with its business and making its calculations as though the contract were so rescinded. In speaking of a case similar in principle, though somewhat different in facts, the court, in *Smith v. New England Mutual Life Ins. Co.,* 63 Fed. 769, said:

"The assured acquiesced in the company's position—that his policy had lapsed—and accordingly neither paid nor

tendered subsequent premiums, but treated the policy as a security simply for the interest acquired under the statute. Had his life been continued the claim now made would never have been urged or thought of; his early death alone suggested it."

We are satisfied that the thought never occurred to Rex during his lifetime that he had a claim against this company on the policy which had been issued so many years before; or, if he did, after the lapse of any appreciable time, it was a dishonest thought, for he knew that he had not performed the duties which devolved upon him under the contract, and that he had no rights thereunder; and there seems to be no just reason why his administrator should demand rights which he had virtually waived. In *Shutte v. Thompson,* 15 Wall. 151, 21 L. Ed. 123, where a party was standing upon his statutory right in relation to the notice concerning depositions, the court said, that it was not doubted that all the provisions of the statute respecting notice to the adverse party could be waived by him; that a party could waive any provision, either of a contract or of a statute, intended for his benefit; and that, if a course of action on his part had misled the other party, he ought not to be allowed to avail himself of his original rights, because under such circumstances he would be availing himself of what was substantially a fraud, and that he should not be allowed to reap any advantage from his own fraud.

This is a mutual life insurance company, and in the case of *Mutual Life Ins. Co. v. Phinney,* 178 U. S. 327, 20 Sup. Ct. 906, 44 L. Ed. 1088, a case which involves the construction of the statute relied upon here, the court, without actually deciding the proposition, said:

"Now, whether the insurance company, if the law of New York be applicable, could insist upon a forfeiture without giving the notice prescribed by the statutes of that

state, and, enforcing it, forfeit all premiums paid, all obligation for the return of the surrender value, all right of the insured by subsequent payments to continue the policy in force, is one question. But it is a very different question whether the executrix of the insured, after his long delinquency in the payment of premiums, can enforce the contract as against the other insured parties, thereby diminishing their interest in the accumulated reserve. Ordinarily no one can enforce a contract unless on his part he performs the stipulated promise, and it may be that this rule is operative in this case."

And while the court declined to decide the question because it was not necessary for the determination of the case, it evidently assumed that the rights of the policy-holders in mutual companies were worthy of consideration. So that in this case, this being a mutual life insurance company, the action of Rex, in seemingly abandoning his contract, affects every stockholder in the company, thereby, if he should prevail, diminishing their interest in the accumulated reserve.

From every consideration of justice and fair dealing, we think the respondent should not be allowed to recover in this case. The judgment will therefore be reversed, and the cause remanded with instructions to render judgment in favor of the defendant for costs.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.