ROBERT P. McGEEHAN, Appellant, v. THE MUTUAL LIFE INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, June 8, 1908.

1. **LIFE INSURANCE: Petition: Default: New York Statute: Notice: Abandonment.** A petition on a life insurance policy issued in New York was good but showed the plaintiff had not paid the premiums for more than eight years. *Held*, a New York contract, and under the statute could not be forfeited without written notice from the insurer, which was not given, but such a statute was not intended to prevent an abandonment of the contract and was only intended to protect the plaintiff against forfeiture by requiring notice.

2. ———: ———: ———: **New York Contract: Missouri Statute.** The insured took out a policy on his life in New York, making it a New York contract. He defaulted in a premium payment and moved to Missouri where he presented an application to have the policy re-established and paid two semiannual premiums and then paid no more for eight years when the policy by its terms, matured. *Held*, the original policy was a New York contract: the re-establishment converted it into a Missouri contract, but that section 5856, Revised Statutes 1899, did not save the contract from forfeiture, since the insured paid only two semiannual and not two full annual premiums after the re-establishment, and he cannot tack the prior premiums to the subsequent ones, since the statute was not designed to cure the defaults made at a time and place not within the control of the Missouri law.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

Affirmed.

*George W. Day* for appellant.

(1) The second count, undoubtedly, states a New York contract. It alleges the payment of the premium and the delivery of the policy to have been made in that State; that the contract was to be construed by the laws of, and performed therein. Life Society v. Clements, 140 U. S. 226; Cravens v. Insurance Co., 148 Mo. 583; Hill v. Insurance Co., 193 U. S. 559. (2) If it is a New York contract, the statute of New York, then in force, which is set forth in the petition, prevented a forfeiture for non-payment of premiums, except upon a prescribed notice, which notice, it is alleged, was not given. Baxter v. Insurance Co., 119 N. Y. 450; Stokes v. Amerman, 121 N. Y. 343; Fischer v. Insurance Co., 167 N. Y. 178; Phelan v. Insurance Co., 113 N. Y. 147. (3) When, as alleged in the third count, defendant, in 1895, claimed a forfeiture of the policy for non-payment of premium, and plaintiff made application for reinstatement, and paid the overdue premium with interest, in Missouri, and defendant accepted the same, the original contract became modified to the extent of making it subject to the laws of this State, then in force, governing contracts of that character. Jenkins v. Insurance Co., 171 Mo. 375. (4) Therefore, the further allegations of this count that, at the time of the next default in the payment of the premium, after twelve annual premiums had been paid, the net single premium for temporary insurance, calculated according to law, was sufficient to purchase a pure endowment in the sum claimed, coupled with the averments of this count above referred to, fulfilled the requisites of the statement of a cause of action. R. S. 1889, sec. 5856; Smith v. In-

surance Co., 173 Mo. 329; Cravens v. Insurance Co., 148 Mo. 583; Capp v. Insurance Co., 117 Mo. App. 532.

*Karnes, New & Krauthoff,* for respondent, filed argument.

ELLISON, J.—This action is founded on a life insurance policy called a semi-endowment. The petition was in three counts. There was a demurrer on the ground of no cause of action being stated in either count. The demurrer was sustained and plaintiff refusing to plead further judgment was given for the defendant and plaintiff in due time appealed.

Plaintiff seems not to place much faith in the first count of his petition and properly so as we think it does not state a cause of action, and we therefore take up, in their order, the second and third counts. The second count alleges that on the 3rd of February, 1883, defendant issued to plaintiff its policy of insurance whereby it agreed that in consideration of semiannual premiums of fifteen dollars each to be paid at defendant's office in New York for twenty years, ending in February, 1903, it would pay plaintiff, if living at that time, five hundred dollars at defendant's office in New York, less any indebtedness owing by plaintiff to defendant. It is then alleged to have been the agreement that the contract of insurance should be governed by the laws of New York and that such laws should be considered a part of the contract. That at that time there was a statute of New York prohibiting a life insurance company from forfeiting a policy or non-payment of premium except after giving written or printed notice, duly addressed and mailed, to the person whose life was insured, at his last known postoffice address— the notice stating that unless the defaulted premium be paid within thirty days after mailing the notice. the policy would be forfeited. It was further alleged that

such law disallowed a forfeiture until thirty days had elapsed from the mailing of the notice.

It is then further alleged that plaintiff regularly paid his semiannual premiums up to and including the one due the 3rd of February, 1895, covering a period of twelve years.    That no notice of forfeiture was ever given him.    It is then averred "that except as aforesaid he has fully performed said contract, on his part, and is now willing and does credit the said unpaid premiums, with interest thereon from the dates they became due, respectively, amounting to the sum of $282.60, upon the amount promised by defendant to be paid him as aforesaid.    Wherefore plaintiff prays judgment for two hundred and seventeen hundred and forty cents with interest from the 3rd of February, 1903."

Leaving out of view the great length of time which the face of the petition shows plaintiff to have failed to perform his obligation by paying premiums, the second count states a cause of action.    It alleges the contract was made in New York and that it was a part of the contract that the laws of that State were to become a part of the policy and to govern its terms.    It then sets out the statute of that State which disallows a forfeiture without first giving the written notice and avers that no such notice was given.    If the contract is a New York contract (and so we must regard it, since matters are alleged, as facts, which make it a contract of that State) then the laws of New York must govern its interpretation.    [Cravens v. Insurance Co., 148 Mo. 583; Insurance Co. v. Hill, 193 U. S. 551; Equitable Life v. Clements, 140 U. S. 226.]

But it appears from the petition that plaintiff, though paying premiums up to 1895, failed to pay after that time up to the expiration of the time for the payment of the endowment in February, 1903, a period of eight years, embracing a failure to pay sixteen semiannual premiums.    The further question therefore is

McGeehan v. Insurance Co.

presented whether that shows an abandonment of the contract on the part of the plaintiff regardless of non-action on the part of defendant concerning a right to declare a forfeiture. It must be conceded that so far as plaintiff's rights are concerned he was at liberty to abandon and rescind the contract. He did not merely neglect a single payment of premium, nor several, but he abandoned all pretense of recognition of the contract for a long series of years. There is no law nor policy to prevent him, defendant consenting thereto, from giving up his contract. The statute of New York as to forfeitures, while controlling or regulating defendant's rights, does not aid the plaintiff who has elected to abandon the contract. [Insurance Co. v. Hill, 193 U. S. 551; Lone v. Insurance Co., 33 Wash. 577, 74 Pac. Rep. 689.] The cases just cited hold that the New York statute, rightly interpreted, was only intended to cover cases of casual neglect or slip of memory and was designed to prevent such instances from depriving a party of the benefit of his policy until after notice; and that the statute was not intended to protect one in a voluntary abandonment of his obligations. We therefore conclude that the demurrer was properly sustained to the second count.

Proceeding to a consideration of the third count, we find it alleges the issuance of the policy as stated in second count. It then alleges that at the date the policy was issued in 1883, he was not a resident of the State of Missouri, but prior to the 3rd day of August, 1894, he had become a resident of this State and has been a resident ever since, and that on that date he failed to pay the semiannual premium then due. That when soon thereafter he offered to pay it defendant claimed that the policy had lapsed and was void and refused to accept the premium unless plaintiff would submit to another physical examination in this State which should be satisfactory to defendant; and further requir-

ed plaintiff to execute "an application for establishing the policy." That plaintiff submitted to the examination and made the application while so residing in this State, as defendant knew. That the application was in the following words: "The undersigned, Robert P. McGeehan, the person upon whose application The Mutual Life Insurance Company of New York, has issued policy No. 238020, dated Feb. 3, 1883, for $1,000 on the S. E. plan—year distribution hereby requests the said company to accept the premium of $15.00 on said policy, due Aug. 3, 1894, with interest thereon to date of payment at six per cent per annum) thereby establishing said policy in full force and effect. And the undersigned hereby ratifies and confirms all the statements made in the application upon which said policy was issued and hereby makes the said application and this request alike parts of the said contract of insurance, and further guarantees that his health is and has been good, and has remained unimpaired at all times since the date when the above described premium fell due."

That "thereupon defendant accepted the installments of premium and renewed or re-established said policy with the incidents of such renewed contract of insurance within this State and thereafter continued to accept from plaintiff with knowledge that he was a resident of this State, the subsequent premiums accruing under said policy as they became due, until the 3rd day of August, 1895, since when plaintiff has not paid premiums." It was further alleged "that, at all times herein mentioned, defendant was duly authorized to do, and was doing, a business of life insurance in this State; that, on the said 3rd day of August, 1895, the net single premium for temporary insurance, calculated according to the laws of this State, then in force, was in excess of the amount required to pay the said premium for temporary insurance for the full amount of said policy for the remainder of the endowment term

specified in said policy; and such excess was sufficient to purchase a pure endowment, according to law, in the sum of two hundred and seventeen dollars and forty cents ($217.40) payable at the end of said endowment period, to-wit: February 3, 1903. That plaintiff has performed each and every obligation imposed upon him by said contract of insurance, except as hereinbefore set forth, but the defendant, though often requested so to do, refuses to perform its obligation. Wherefore, plaintiff prays for judgment against defendant, for the sum of two hundred and seventeen dollars and forty cents ($217.40), with interest thereon, at the rate of six per cent per annum, from the 3rd day of February, 1903, and for his costs."

From these allegations it will be seen that plaintiff endeavors to become the beneficiary of section 5856, Revised Statutes 1899, of the Missouri insurance law, which provided that after the payment of "two full annual premiums" the policy should not be forfeited, but should be subject to rules of commutation as set out in such statute. And as the petition discloses that on and after "re-establishing" the policy, he only paid two *semi* annual premiums, viz. that due on the 3rd of August, 1894 (paid in January, 1895), and that due the 3rd of February, 1895, it shows he has not paid the two full *annual* premiums required by the statute, it therefore becomes necessary for him to connect back to former premiums, paid before he became a resident of this State, so as to piece out "two full annual premiums." We do not think that can be done.

The original contract of insurance was not a Missouri contract. Neither party resided in this State and neither, in making the contract, had any reference to the laws of this State. The statute of this State to which we have referred has no extra-territorial force. It could only affect contracts which would then have been termed Missouri contracts. The only contract

made in Missouri was that re-establishing the policy and from thence on it became a contract governed by the statute of this State.     The "re-establishing" the policy, like a renewal of a policy, was a new contract; and a renewal is a new contract subject to the local laws in force at the time of the renewal.     [Jenkins v. Insurance Co., 171 Mo. 375, 383.]     So then it seems to be just and reasonable to forbid plaintiff the right of tacking premiums paid when the contract was not a Missouri contract to those paid after it became such contract, in order that he may make out the number of premiums required by the Missouri law.

Plaintiff puts forward an argument, the effect of which is to say that it is a hardship upon a policy holder to be denied the use of his former premiums.     If so, it is a hardship he brought upon himself by deliberate failure in performance of his obligations.     He acquiesced in defendant's refusal to recognize his policy on the ground of its being void by reason of his protracted and inexcusable default; and applied to have it re-established.     This re-establishment was had in Missouri. Thenceforward the policy was reinstated and became subject to the privileges extended by the Missouri statute.     That statute was not designed to cure defaults made at a time and place not within the control of Missouri law.

The result of our views is to affirm the judgment. All concur.