(No. 5369. Decided May 3, 1905.)

CHRISTOPHER ZEIMANTZ et al., Respondents, v. J. W. BLAKE, Appellant.[1]

PLEADING—DEMURRER—WAIVER BY ANSWER. A demurrer to a complaint upon a specified ground cannot be made orally at the trial after the filing of an answer basing the defense on other grounds.

PARTIES — MINORS INTERESTED IN COMMUNITY PROPERTY — HOW BROUGHT IN. Upon objection being made that minors, interested in the community estate of their deceased father, are necessary parties plaintiff, it is proper to appoint their mother guardian ad litem, and to join them as parties plaintiff by the filing of an amended complaint.

VENDOR AND PURCHASER—TIME OF ESSENCE OF CONTRACT—FORFEITURE—TENDER PRIOR TO NOTICE. A contract for the purchase of land, in which time is of the essence, is not forfeited in equity upon default in payment of an installment of the purchase price, where tender is made before affirmative action on the part of the vendor in declaring a forfeiture, nor where the vendor extends the time for payment.

[1]Reported in 80 Pac. 822.

SAME — TENDER — AMOUNT OF — ESTOPPEL TO QUESTION — SPECIFIC PERFORMANCE—DEFENSES. Where the vendee tendered the amount which he claimed to be due on the purchase price of land, and the vendor refused the tender and defended an action for specific performance on the ground that there was no liability whatsoever under the contract, he is estopped to object that the tender was insufficient in amount.

HUSBAND AND WIFE—COMMUNITY PROPERTY—HUSBAND'S CONVEYANCE IN FRAUD OF CREDITORS—WIFE NOT BOUND BY. A release by a husband of interests in community property, made in fraud of creditors, cannot be held valid as between the parties where it was not made known to the wife.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered May 3, 1904, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, decreeing the specific performance of a contract to convey land. Affirmed.

*Myers & Warren,* for appellant.

*Martin & Grant,* for respondents.

PER CURIAM.—This is an action to enforce the specific performance of a contract to convey land. The following are, in substance, the facts found by the court: On March 11, 1902, the appellant, Blake, and one C. S. Thennes entered into a written agreement, by the terms of which the appellant agreed to sell and convey to Thennes certain real property, in the town of North Govan, Lincoln county, Washington, for the consideration of $1,000, payable as follows: $200 on the execution of the contract, and $200 every six months thereafter until the balance of $800 should be paid, with interest on deferred payments at 10 per cent per annum. The $200 agreed to be paid on the execution of the contract was in fact paid, and the balance was evidenced by promissory notes of $200 each, payable at the respective times mentioned in the contract. At the time of the execution of the contract, Thennes was a married man, having a wife and six children; and, together with his wife and

children, entered into possession of the property; and, between that time and the time of his death, which occurred on April 3, 1902, put permanent improvements on the property, consisting of a house, barn, and additions to buildings already thereon, of the value of $1,000. Thereafter, at the request of the appellant, Thennes and wife paid out to the appellant's use $150 for labor, which sum they were entitled to have credited as a payment on the contract of purchase. On March 2, 1903, Thennes tendered to the appellant the balance due on the contract and demanded a deed to the premises, but said tender and the request for a deed were refused.

It was further found that C. S. Thennes had, on September 16, 1902, signed a written agreement purporting to surrender to the appellant all his interests in the contract, but it was found that this was not signed or agreed to by the wife of Thennes, and was not intended as a surrender of Thennes' interests in the property, by either of the parties, but was for the purpose of protecting Thennes from certain of his creditors who had begun actions against him, in which actions the property was likely to become involved.

It was found further than Thennes died on April 3, 1902; that the respondent Zeimantz is his administrator, and that the respondent Amelia Thennes is the widow of C. S. Thennes, and the guardian *ad litem* of the minor respondents. It also appeared that the respondent Amelia Thennes, together with the minor respondents, had been, at all times since the death of C. S. Thennes, in possession of the property; that they had tendered to appellant the balance they thought to be due on the contract, and paid the money into court on the commencement of this action; that the tender was refused by the appellant, not on the ground that sufficient was not tendered, but on the ground that he was no longer obligated to perform the contract. The amount so paid was less than the court finally found to be due,

and the respondents were directed to pay into court the difference between the amount tendered and the amount found to be due. On this being done, a decree was rendered directing the appellant to convey the property to the administrator of the estate.

The appellant assigns that the court erred in refusing to sustain his demurrer to the complaint. This is based on the contention that all of the payments provided for by the contract sued upon were not due at the time this action was brought, and for that reason the appellant could not be compelled to accept payment at that time of the full amount of the debt. The demurrer, however, was oral, and was interposed at the time of the trial, and, so far as the record shows, did not mention this as one of the objections to the complaint. Furthermore, the appellant had already filed an answer in which he based his defense on the ground that he was not obligated to perform the contract at all, without mentioning this objection. This was a waiver of the objection, even conceding it sound. The appellant must make his objections to pleadings known in the trial court before he can have them reviewed here.

The appellant complains of the manner in which the minor plaintiffs were brought into the case. Originally the action was begun by the administrator and Mrs. Thennes as plaintiffs, but on objection being made, the court required that the minors be made parties to the action. Being minors, and having no guardian, the court appointed Mrs. Thennes guardian *ad litem* for them, whereupon they joined in the suit by their guardian as parties plaintiff, an amended complaint being filed. The sufficiency of these proceedings is questioned, but the petition for the appointment, and the order making the appointment, seem to be in accord with the statute, and we hold them sufficient.

Under the general objection to the sufficiency of the evidence, the appellant discusses a number of questions. It is said that, in order to make a case, the respondents must

prove that all of the payments due under the contract up to the time of the final tender were paid or tendered at the time they fell due, as time was made of the essence of the contract, and a forfeiture occurred as of course on default of any payment. We cannot so construe the contract. This clause in the contract did not, of itself, forfeit the contract in equity simply because a payment was not made immediately on its falling due. Undoubtedly the party agreeing to make the sale could declare a forfeiture, and cut off the right of the other party to make the payments, but it required some affirmative action on his part. If he remained passive until the other party made tender of payment, he was obligated to accept it and to perform his part of the contract. However, in this case there was evidence, and the court found, that the appellant had expressly extended the time of payment. As the finding is supported by the evidence, the answer to the objection can rest on this ground.

It is complained in this connection that the tenders were insufficient, but we think the appellant is estopped to complain of this. Had he refused to perform the contract because he had not been tendered payment in full, and appeared in the action and defended on that ground, he probably could have succeeded in defeating a recovery of costs against him, if his contention should have proven true, though not the performance of the contract. But the appellant did not object to the tender when made on the ground that enough was not tendered him, nor did he defend this action on that ground. He denied any liability whatsoever under the contract, and it is on that ground that he must succeed now, if he succeeds at all.

It is said, also, that the purported release of the contract by C. S. Thennes is obligatory on the respondents, even though fraudulently made, on the principle that a transfer of property made to defraud creditors is valid as between the parties, and, being valid as between the parties, is valid as to the heirs and devisees. But this rule cannot apply

here, even conceding that it would in any such case, as this assignment, if made in good faith, would not have had the effect of canceling the contract. The interest acquired by Thennes and wife in the property by the contract was community property, and some affirmative action on the wife's part, in connection with the release, was required to make it valid. In this release Mrs. Thennes took no part; in fact, it is not shown that she even knew of it until after her husband's death.

On the whole we think the evidence supports the findings, and that the findings support the judgment. The judgment will therefore stand affirmed.