[No. 7165.  Decided October 15, 1908.]

HORACE KIMBALL, *Receiver of the State Bank of Washington, Respondent*, v. FARMERS & MECHANICS BANK, *Appellant*.[1]

BANKS AND BANKING—CONTRACTS—AGREEMENT TO ACCEPT CHECKS AS CASH—EVIDENCE—FINDINGS—SUFFICIENCY. The president and cashier of the defendant bank agreed to accept checks for $10,000 as cash and credit the same to a new bank about to be organized, where it appears that the checks were given as payment for subscriptions to stock in the new bank, to enable it to perfect its organization and do business; that, although the drawers of the checks had no funds in the defendant bank, its cashier stated to the incorporators of the new bank that the checks were good and would be paid; and that defendant bank made statements showing that the amount was credited to the account of the new bank, and so represented it to the stockholders thereof .

[1]Reported in 97 Pac. 748.

SAME—REPRESENTATION BY OFFICERS—AUTHORITY TO MAKE LOANS —CUSTOM. The president and cashier of a bank are authorized to accept checks for $10,000 as cash, and credit the same to a new bank, although the drawers had no funds, the checks having been given in payment of subscriptions to the stock of the new bank, where it appears that in several years the board of trustees and the executive committee had each held only three meetings, that at none of the meetings was any question of loans acted upon, and the entire management was left to the president and cashier, who customarily loaned out large sums without consulting the trustees or executive committee.

ACTIONS—CONDITIONS PRECEDENT—DEMAND—BANKS AND BANKING. In an action against a bank to recover the amount of a credit given to another bank, a demand before suit is not necessary where it appears that the same would have been vain and fruitless.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered July 20, 1907, upon findings in favor of the plaintiff, after a trial before a court without a jury, in an action on contract. Affirmed.

*Merritt, Oswald & Merritt*, for appellant.

*Cullen & Dudley* and *S. R. Stern*, for respondent.

PER CURIAM.—On the 20th day of April, 1905, E. W. Swanson, A. J. Swanson, M. F. Setters, and O. B. Setters, met in a room adjoining the banking house of the defendant bank, for the purpose of organizing and incorporating the State Bank of Washington. Articles of incorporation were executed in triplicate, and in payment of the three-fifths of the capital stock, required by law to be paid in, E. W. Swanson and A. J. Swanson each drew his check on the defendant bank in the sum of $5,000, payable to the State Bank of Washington; O. B. Setters drew his check on the defendant bank for the sum of $2,500, payable to the State Bank of Washington, and M. F. Setters drew his check on the defendant bank for the sum of $1,500, and a check on the Fidelity National Bank of Spokane for the sum of $1,000, each payable to the State Bank of Washington. These several checks

were presented to the cashier of the defendant bank, and the incorporators thereupon made affidavit that three-fifths of the capital stock had been paid in as required by law. About a month thereafter the State Bank of Washington opened its doors for business, and about one year thereafter became insolvent.

The plaintiff in this action was appointed receiver for the insolvent bank by the superior court of Spokane county, and this action was instituted by the receiver to recover from the defendant bank the $14,000 represented by the Swanson and Setters checks issued against it, and certain other small items not deemed material here. The court below gave judgment against the defendant for the $10,000 represented by the checks of the two Swansons, with legal interest, and from that judgment the present appeal is prosecuted.

The principal questions presented by the appeal are questions of fact. They are, (1) did the president and cashier of the appellant bank agree to accept the two Swanson checks as cash, and credit the State Bank of Washington with the amount thereof; (2) if so, were they authorized so to do by the appellant bank; and (3) were the checks charged back against the State Bank of Washington by its authority or with its consent. The findings of the court on these issues were as follows:

"That prior to said April 20th, 1905, E. W. Swanson, who was then secretary of said Farmers' Grain & Supply Company, suggested to Donald Urquhart, the president of the defendant bank, that it would be for the interest of said bank to have a bank established in the city of Spokane, on the south side of the Spokane river, said defendant bank being upon the north side of said river, to operate in connection with said defendant bank and to aid in financing said Farmers Grain & Supply Company; and it was arranged between said parties, prior to said April 20th, 1905, that the said E. W. Swanson, A. J. Swanson, brother of said E. W. Swanson, and their associates, should organize a corporation for the purpose of establishing such bank, and should establish the same; and that the defendant bank should advance them the moneys

necessary for such purpose, they being without sufficient means therefor.

"That on the 20th day of April, 1905, said E. W. Swanson, A. J. Swanson, M. F. Setters and O. B. Setters, duly executed in triplicate articles of incorporation for the State Bank of Washington; it being provided, among other things, that one of the objects of said corporation was to carry on and conduct a banking business, and that the capital stock of said corporation should be twenty-five thousand dollars, to be divided into two hundred and fifty shares of the par value of one hundred dollars each; and that at said time the said parties duly subscribed for all of the capital stock of said corporation. That said articles of incorporation were acknowledged before J. H. Claney, who was a notary public of the state of Washington, and was then and there the cashier of the defendant bank.

"That at the time of the execution of said articles of incorporation, the said E. W. Swanson and A. J. Swanson each drew a check upon the said Farmers and Mechanics Bank, payable to the State Bank of Washington, for the sum of five thousand dollars; the said O. B. Setters drew a check upon the said Farmers & Mechanics Bank, payable to the State Bank of Washington for the sum of two thousand five hundred dollars; and the said M. F. Setters drew a check upon the said Farmers and Mechanics Bank, payable to the State Bank of Washington, for the sum of fifteen hundred dollars; and drew a check upon the Fidelity National Bank of Spokane, payable to the State Bank of Washington, for the sum of one thousand dollars. That said checks were so drawn for the purpose of paying for sixty per cent of the capital stock of said corporation so subscribed for by said parties. That immediately upon the making of said checks the same were exhibited to the said J. H. Claney, cashier of said defendant bank, who was then and there asked if the same were good; and that the said Claney then and there stated to the said parties that said checks were good, and would be paid; and said checks were then and there delivered to the said cashier of defendant bank. That immediately the said parties signed and swore to the following affidavit before the said Claney:

" 'State of Washington, County of Spokane—ss.

" 'M. F. Setters, Albert J. Swanson, O. B. Setters and Edward W. Swanson and ——————— being first duly

sworn, each for himself and not for the other, upon his oath say, that he is one of the board of directors of "The State Bank of Washington" of Spokane, articles of incorporation of which said bank are herewith filed and that three-fifths (3-5) of the capital stock of said bank has actually been paid in.   M. F. Setters, Albert J. Swanson, O. B. Setters, Edward W. Swanson.

'Subscribed and sworn to before me this 20th day of April, A. D. 1905.   (Notarial Seal.)  J. H. Claney, Notary Public for the State of Washington, residing at Spokane.' "

"That at the time of drawing said checks and making said affidavit, the said E. W. Swanson did not have on deposit in said Farmers and Mechanics Bank, in excess of fourteen hundred dollars; the said A. J. Swanson's account in said bank was overdrawn to the amount of about five dollars; the said O. B. Setters was not a depositor in said Farmers and Mechanics Bank, and had no money on deposit therein; that the said M. F. Setters had on deposit therein and subject to his check, although such deposit was standing in the name of said E. W. Swanson, as trustee, about fifteen hundred dollars; and said M. F. Setters had on deposit in the Fidelity National Bank in Spokane, subject to his check, one thousand dollars or more, and the said check drawn on said Fidelity National Bank was good.

"That the said O. B. Setters and M. F. Setters were without knowledge as to the deposits of the said A. J. Swanson and E. W. Swanson in said Farmers and Mechanics Bank; and had no knowledge as to whether the checks drawn by the said Swansons were good, save and except as they were informed by the said Claney, cashier of said Farmers and Mechanics Bank.

"That immediately upon the execution of said articles of incorporation, subscription paper and affidavit, one copy of said articles of incorporation and said affidavit were forwarded to the secretary of state of Washington, for recording, together with all fees, and were duly recorded on the 22d day of April, 1905; and that a second copy of said articles was duly filed with the auditor of Spokane county on the 25th day of April, A. D. 1905.

"That in making said affidavit and executing, recording and filing said articles, the said parties relied upon the statement of the said Claney that said checks were good and would

be paid; and understood and believed that the said Farmers and Mechanics Bank was receiving said checks and placing the same to the credit of said State Bank of Washington, as cash.

"That the said Claney, cashier of said Farmers and Mechanics Bank, at the time of taking the acknowledgement to said articles of incorporation, and of attaching the jurat to said affidavit, and at the time of giving the assurances that said checks would be paid, knew that said parties were incorporating a bank, that the checks were so given for the purpose of paying for the capital stock thereof, that said affidavit was so made in reliance upon his assurances that said checks were good and would be paid by his bank, and with the understanding that said checks were deemed and considered as cash by the said Farmers and Mechanics Bank; and that the said parties proposed to open a bank relying upon there being fifteen thousand dollars deposited to its credit in said Farmers and Mechanics Bank by virtue of the acceptance of said checks by said bank.

"That on the 26th day of April, 1905, and after the articles of incorporation of said State Bank of Washington had been recorded in the office of the secretary of state of said state, and filed in the office of the auditor of said Spokane county, the said Claney, cashier of said Farmers and Mechanics Bank, who had retained possession of said checks after their delivery to him April 20th, 1905, caused the same to be stamped 'paid;' and caused an entry of the amount thereof, towit: fifteen thousand dollars, to be made in the books of said Farmers and Mechanics Bank as a cash deposit in the name of said State Bank of Washington. That thereafter, and on the same day, said cashier caused to be made on the books of said Farmers and Mechanics Bank, a further entry charging said State Bank of Washington with the amount of the checks drawn as aforesaid upon said Farmers and Mechanics Bank by the said incorporators, towit: fourteen thousand dollars. That the charging of said checks against the said State Bank of Washington, was not authorized by the State Bank, or of any of the officers thereof, or by any of said incorporators; and none of said parties had any notice or knowledge thereof prior to June 27th, 1905, if then.

"That on the 15th day of May, 1905, the said State Bank of Washington, the said M. F. Setters, O. B. Setters, A. J.

Swanson and E. J. Swanson, being the trustees thereof, commenced to transact a banking business in the city of Spokane on the south side of the Spokane river; and thereafter received a large amount of deposits and did a general banking business. That at the time of so commencing business, the said incorporators and the officers of said bank had no notice or knowledge that the said Farmers and Mechanics Bank had charged against said State Bank of Washington, said sum of fourteen thousand dollars, or any sum, but believed, and in so opening said bank acted upon the belief, that there was on deposit in said Farmers and Mechanics Bank to the credit of said State Bank of Washington, the sum of fifteen thousand dollars; and that whatever overdrafts were made by said checks drawn April 20th, 1905, were charged to the account of the respective parties drawing such checks.

"That on the 27th day of June, A. D. 1905, the said defendant bank issued and delivered to the State Bank of Washington, a statement of the account between said banks, in which it appeared that the said checks deposited April 20, 1905, were accepted and treated as a cash deposit in favor of the State Bank of Washington, by said defendant, Farmers and Mechanics Bank, and that said sum was so on deposit in said Farmers and Mechanics Bank in favor of said State Bank of Washington. That said statement did not show that the amount of said checks, or any thereof, was charged against said State Bank of Washington, by said Farmers and Mechanics Bank.

"That on or about March 10, 1907, Donald Urquhart, then president of the said defendant bank, executed and delivered to the said E. W. Swanson, the following statement, written upon the letter head of said Farmers and Mechanics Bank, to wit:

'Spokane, March 10th, 1906.
'To the Stockholders and Depositors of the State Bank of
    Washington:
'This is to certify that the Farmers and Mechanics Bank received from E. W. Swanson and A. J. Swanson, ten thousand dollars about April 20th last, and that said sum was placed to the credit of the State Bank of Washington, and said sum is now to the credit of said bank, and will be held by this, the Farmers and Mechanics Bank, for the protection of the stockholders and depositors of the State Bank of

Washington, of the Peoples Bank, which is one and the same. We have no hesitancy in recommending to you Mr. E. W. Swanson, as a man of excellent habits, energetic and trust-worthy, and 'will make you a good man. We understand that in severing his connections with his former company, the Farmers Grain and Suppy Company, he is doing so in order to devote more of his time to the banking business as well as closing up the affairs of the Spokane and Columbia River and Navigation Company. You will always find this bank ready and willing to assist you at all times and to do whatever it can to promote your interests, and we look forward to a good business that 'will prove mutually advantageous to all concerned. We see no reason why another bank of the south side should not prosper as it would seem that there is a good opportunity to work up new business. We are,

'Yours very truly, Donald Urquhart, President.'

"That said letter of March 10, 1906, was not shown to any other stockholder or depositor of said State Bank of Washington by said E. W. Swanson. But said letter was so given by said president of said Farmers and Mechanics Bank, for a valuable consideration moving to said Farmers and Mechanics Bank, to wit: The assignment of a certain chose in action to said bank, which said bank accepted and thereafter sued upon.

"That the said Farmers and Mechanics Bank was organized in March, 1904, and that there had been but three meetings of the board of trustees of said bank prior to April 20th, 1905, to wit: One meeting at the time of the organization of said corporation in March, 1904, one meeting held for the election of officers in July, 1904, and the regular annual meeting held in January, 1905. That the executive committee of said bank had held but three meetings prior to April 20th, 1905, two in November, 1904, and one December 1, 1904; that the majority of the members of said board of trustees were nonresidents of the city and county of Spokane: and that none of the meetings of said board or of said executive committee, was any question of loans acted upon. That said board of trustees said and did, in fact, leave the entire management of said bank to Donald Urquhart, the president, and to the cashier; and that it was the custom of said cashier and president to loan out large sums of money without consultation with the said board of trustees or said executive

committee; and that the said E. W. Swanson and A. J. Swanson were familiar with such custom, as were also the said board and committee.

"That the said cashier had authority from said Farmers' and Mechanics Bank on the 20th day of April, 1905, to make loans by accepting and honoring overdrafts, in the manner in which the drafts of the said E. W. Swanson, M. F. Setters and O. B. Setters, were accepted by such cashier April 20th, 1905.

"That the action of the said cashier in accepting said checks April 20th, 1905, and agreeing to pay the same was authorized by the said president of said bank, Donald Urquhart.

"That the said cashier, J. H. Claney, and the said Donald Urquhart, president of said defendant bank, had no personal interest in the said State Bank of Washington, or in the said chose in action assigned to said defendant bank in consideration of the issuance of said statement of March 10, 1906, and that the action taken by said officers was solely for the purpose of benefiting the said Farmers and Mechanics Bank.

"That the said sum of fifteen thousand dollars has not, nor has any part thereof, entered to the credit of said State Bank of Washington on the books of the said Farmers and Mechanics Bank, as heretofore stated, ever been paid by the said Farmers and Mechanics Bank to the said State Bank of Washington, or for or on its account, or to the receiver thereof, save and except by the return of the checks and note of said M. F. Setters and O. B. Setters as hereinbefore stated."

We deem it unnecessary to discuss or review the voluminous testimony found in this record, further than to say that, while it is conflicting in some respects, we think the preponderance and weight of the testimony is decidedly in favor of the findings made.

It is contended that no proper demand was made upon the appellant bank for the payment of this money, but where the record shows that a demand would be vain and fruitless, as does the record before us, the law does not require it. 1 Cyc. 698.

There is no error in the record and the judgment is affirmed.