[No. 7934.   Department One.   August 3, 1909.]

H. M. GOULD *et al., Appellants,* v. FRANK I. STANTON *et al., Respondents.*[1]

PROCESS—SUMMONS FOR PUBLICATION—SUFFICIENCY. Under Laws 1897, p. 182, § 96, subd. 3, a summons by publication requiring the defendant to appear within sixty days after the "service" of the summons is not in accordance with the statute, and is insufficient to confer jurisdiction to enter a judgment of default.

TAXATION—REDEMPTION—ACTIONS—CONDITION PRECEDENT—TENDER OF TAX—WAIVER. In an action to recover lands sold under void tax foreclosure proceedings, a tender of the amount paid out for taxes, as a condition precedent to the action, is waived where defendants refused an insufficient tender and asserted title and absolute ownership, showing that any tender would have been ineffectual.

Appeal from a judgment of the superior court for King county, Morris, J., entered October 12, 1908, dismissing an action to quiet title and recover lands sold for taxes, after a trial before the court without a jury.   Reversed.

·H. H. Eaton (*Sullivan & Stevens,* of counsel), for appellants.

· A. C. MacDonald, for respondents.

CHADWICK, J.—On February 2, 1901, defendants' grantor purchased at tax foreclosure sale a tract of land known as Tract 2, of Day's Acre Gardens, now situated in the city of Seattle.   The property has ever since been in the possession of the defendants and the grantors, since which ·time they

[1]Reported in 103 Pac. 459.

have paid all taxes, assessments, and charges against the property. Improvements, by way of a house, fruit trees, berry patches, clearing and grading, have been made, of the alleged value of about $1,500. The tax proceeding was irregular, in that the summons was in the form condemned in *Gould v. Knox*, 53 Wash. 248, 101 Pac. 886, and cases cited therein. On May 15, 1907, plaintiffs purchased of the original owners all of their "right, title, claim and interest and estate" in the property involved, for a nominal consideration, and have brought this action to recover possession and quiet their title thereto. From a decree in favor of defendants, plaintiffs have appealed.

The assignments of error raise two questions, (1) the sufficiency of the tax proceeding, and (2) the sufficiency of the tender made to respondents before this action was begun. The first point may be passed without discussion. The summons commanded the defendants to "appear within sixty days after the date of service of the summons," and was insufficient under the authorities cited. Passing to the second question, appellants' attorney swore that he offered respondents the sum of $125 in full payment of all taxes, interest, penalties, and costs incurred by them and their grantors, which tender was refused. The point is made by respondents that the sum tendered was insufficient. A calculation of the items appearing in the record convinces us that this point is well taken. The amount due was a sum in excess of $125, and respondents must prevail unless we hold that a sufficient tender has been waived.

In the case of *Gould v. Knox*, *supra*, we held that a tender could be waived and that the testimony in that case in connection with an assertion of title was enough to show that a tender in any sum would have been ineffectual. We can see no difference between that case and this one. If the insufficiency of the tender was the only defense relied upon, plaintiffs could not recover. But defendants have set up ownership, and a tender thus becomes immaterial; this

upon the theory that ownership is an absolute defense, if proven. There is no difference between the law of demand and the law of tender, when made a condition precedent to an action. The plea of ownership is generally held to ex- cuse both. *Gould v. Knox, supra; Seattle Nat. Bank v. Meerwaldt*, 8 Wash. 630, 36 Pac. 763; *Kimball v. Farmers & Mechanics Bank*, 50 Wash. 610, 97 Pac. 748; *Burrows v. McCalley*, 17 Wash. 269, 49 Pac. 508; *Griesemer v. Mutual Life Ins. Co.*, 10 Wash. 202, 38 Pac. 1031; *Zeimantz v. Blake*, 39 Wash. 6, 80 Pac. 822; *Bender v. Bean*, 52 Ark. 132, *Bright v. Boyd*, 1 Story (U. S.) 478; 27 Am. & Eng. Ency. Law (2d ed.), 857-8; Hunt, Tender, par. 26.

Therefore, upon the authority of the former decisions of this court, the judgment of the lower court is reversed, with instructions to the trial court to ascertain the value of im- provements to which respondents may be entitled under chap- ter 137, Laws 1903, p. 262, and to enter judgment accord- ingly.

RUDKIN, C. J., FULLERTON, and GOSE, JJ., concur.

MORRIS, J., took no part.