[No. 8843. Department Two. June 6, 1910.]

EDWIN B. PILLSBURY et al., Respondents, v. S. T. BERESFORD, Appellant.[1]

TAXATION—TAX DEED—ACTION TO SET ASIDE—EVIDENCE OF TITLE. A nonresident plaintiff in an action to set aside a tax deed is sufficiently identified as the grantee in a recorded deed from the conceded holder of the title, where he testified that he purchased the lot from such holder, paid for it, and produced tax receipts showing payment by him of taxes thereon, and that he lived in the state given as the residence of the grantee in the deed.

SAME—CONDITION PRECEDENT—TENDER OF TAX. A tender of taxes as a condition precedent to an action to set aside a tax deed is excused where it appears that the defendants claimed title to the land and plainly indicated that any tender would be refused.

PROCESS—SUMMONS FOR PUBLICATION—SUFFICIENCY. Under Rem. & Bal. Code, § 9254, subd. 2, a summons by publication requiring the defendant to appear within sixty days after the "service" of the summons is not in accordance with the statute, and is insufficient to confer jurisdiction to enter a judgment of default.

SAME—JUDGMENT—SERVICE OF PROCESS—EVIDENCE. In an action to set aside a default judgment in a tax foreclosure, a finding that there was no summons other than a defective publication shown by the files is warranted where the defendants in the foreclosure were nonresidents, did not enter any appearance, or know of the action and were not personally served, the files show no other service than the defective publication, and there was no affirmative showing that any other service was made.

COSTS—DISBURSEMENTS—DEPOSITIONS. Under Rem. & Bal. Code, § 482, authorizing the allowance of costs for the necessary expenses of taking depositions, to be proved by affidavit, costs may be taxed for the notary's fees, although he failed to indorse the same on the deposition; and also for depositions taken on stipulation containing no provision for such taxation.

[1]Reported in 109 Pac. 193.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 13, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Byers & Byers*, for appellant.

*O. L. Willett*, for respondents.

PARKER, J.—This is an action to remove a cloud, consisting of a tax deed, upon plaintiffs' title to a lot in Seattle. Upon a trial before the court, findings were made and decree rendered in favor of the plaintiffs. The defendant has appealed. The facts as found by the learned trial court are, in substance, as follows: Respondent Edwin B. Pillsbury is, and has been since the year 1891, the owner of the lot involved. In November, 1899, the treasurer of King county issued a certificate for delinquent taxes upon the lot to the appellant, who then paid all taxes due thereon. In January, 1901, appellant began an action in the superior court for King county against respondents to foreclose his certificate of delinquency. The only summons or notice ever issued or attempted to be served in that action was addressed to the respondents, who were defendants therein, requiring them to appear and defend within sixty days after the service of such notice upon them. Summons or notice was never served upon either of the respondents other than by publishing it in a newspaper in King county. On April 26, 1901, there was entered a judgment by default in that action, foreclosing appellant's certificate of delinquency and directing a sale of the lot. Thereafter, in pursuance of that judgment, the treasurer of King county sold the lot to appellant and executed a tax deed therefor in usual form. This deed constitutes the cloud upon respondents' title which is sought to be removed by this action.

Prior to and for a long time after the commencement of

this action, the appellant concealed himself in the city of Seattle to prevent the tender to him of any money due him for taxes paid upon the lot. Prior to the commencement of this action, the respondents caused to be made diligent search to find appellant, and endeavored to make tender of money due him for taxes paid upon the lot, but were unable to find appellant. Respondents have been ready and willing to pay appellant whatever sum was justly due him on account of taxes. The trial court found the amount due appellant on account of such taxes, and made provisions in its decree securing payment of the same to appellant.

In addition to the foregoing facts shown by the findings and decree, the following is shown by the record. The respondents allege in their complaint facts showing their efforts to find appellant and to make tender to him, in substance as above stated, and also allege that they are "ready and willing to pay the amount justly due said defendant for taxes paid by him on said premises." Appellant was served by publication in this action, and thereafter answered and set up his ownership of the lot. It is plain from the record that appellant would have at all times refused to accept or consider any tender from respondents. Respondent Edwin B. Pillsbury claims to have acquired title to the lot in 1891, prior to his marriage, which occurred in September, 1892.

Learned counsel for appellant contend that the proof fails to show that respondent Edwin B. Pillsbury is the owner of the lot, except for the tax deed, and that respondents are therefore not entitled to maintain this action. Respondents are nonresidents of the state and were not present at the trial. Their counsel offered in evidence the record of a deed in the auditor's office of King county purporting to convey it, on October 30, 1891, to "Edwin B. Pillsbury, of Detroit, Michigan," from the owners of the addition in whom it is conceded good title was then vested. Mr. Pillsbury testified in his deposition that he purchased the lot about 1890 from James A. Moore, one of the owners of the addition, making

a part payment thereon, and later completed his payments and received a deed therefor. While this evidence was admitted over the objections of the counsel for the appellant, made upon the ground that "it was not the best evidence," no exception was taken to the court's ruling in admitting it. It was, in any event, admissible as tending to identify Pillsbury as the grantee named in the recorded deed. Mr. Pillsbury produced, and made part of his deposition, certain tax receipts showing payment of taxes by him upon the lot in the year 1892. The evidence does not show where Mr. Pillsbury lived when this deed was made in 1891, but it does show that he was married at Detroit, Michigan, in September, 1892, and that he then went to Jackson, Michigan, to reside. The original deed was not produced in evidence. It is argued that this evidence does not identify Mr. Pillsbury as the grantee in this recorded deed. We are of the opinion, however, that it constituted a sufficient *prima facie* showing of his ownership to entitle him to attack the validity of the tax judgment and deed based thereon, and the evidence offered by appellant was clearly insufficient to overcome this *prima facie* showing.

It is contended that there was no proof of any tender by respondents to appellant prior to the bringing of the action. In view of the fact that the appellant has at all times claimed title to the land, and has at all times plainly indicated that a tender would be refused by him, the respondents were relieved from the necessity of proving a tender. *Gould v. Stanton*, 54 Wash. 363, 103 Pac. 459, and cases cited.

It is further contended that the proof does not support the finding that there was no summons or notice in the tax foreclosure case other than the one we have mentioned requiring the defendants therein, these respondents, to appear and defend within sixty days after service of such notice. It is settled, by our prior holdings, that a summons to be served by publication in this form is void and gives no jurisdiction to render judgment. Rem. & Bal. Code, § 9254, subd. 2;

*Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043; *Gould v. White,* 54 Wash. 394, 103 Pac. 460.

It is not seriously claimed that this summons is valid. It was proven that there was no personal service of any summons upon Pillsbury or his wife in the tax foreclosure case; that they did not enter any appearance in that case, and did not know of its existence until long after the rendering of judgment therein; and that the records and files of that case fail to show the issuing or serving of any summons therein other than the void one above mentioned. There was no affirmative showing by appellant that there was ever any other summons issued or served in the case. Under our holding in *Gould v. White, supra,* these facts made out a *prima facie* case in behalf of respondents, and there being no affirmative proof to overcome it, the trial court was, therefore, fully warranted in finding that no other summons was ever issued or served in the case.

It is also contended that the trial court committed error in refusing to strike from the cost bill certain items consisting of notary's fees incurred by respondents in taking depositions, upon the ground that such fees were not indorsed upon the deposition by the notary, and also that they were not properly taxable. Rem. & Bal. Code, § 482, expressly provides that:

"The prevailing party, in addition to the allowance of costs, . . . shall also be allowed for all necessary disbursements, including the fees of officers allowed by law, the fees of witnesses, the necessary expense of taking depositions, by commission or otherwise, . . . "

and the same section further provides for the proving of the amount of such disbursements by affidavit, in which manner they appear to have been proven in this case, which affidavit is not denied. Our attention has not been called to any statutory provision requiring the endorsement of the fees on the deposition by the officer taking it. It is also argued that one of the depositions was taken upon stipu-

lation wherein no provision was made that the expense of taking the same should be taxed, but we think this is no reason for refusing to tax the expense of taking the deposition as disbursements. This contention is analogous to an attempt to have the court refuse the allowance of a witness fee because the witness came into court and testified without being formerly subpoenaed, which fact this court held in *Christensen v. Union Trunk Line*, 6 Wash. 75, 83, 32 Pac. 1018, did not affect the witness' right to compensation or the question of its being taxed as disbursements. We think this expense was taxable as disbursements in favor of respondents.

Other alleged errors discussed by appellant's counsel would not affect the result. We are of the opinion that the judgment should be affirmed. It is so ordered.

RUDKIN, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.