[No. 10569.　Department Two.　November 20, 1912.]

JULIA E. BLINN, *Respondent*, v. HARRY L. GRINDLE *et al.*,
*Appellants.*[1]

APPEAL—DECISION—LAW OF CASE.　A decision upon a former appeal that an action was commenced within time limited by statute and was not barred by laches is conclusive on the second appeal.

ACTIONS—COMMENCEMENT—FILING COMPLAINT.　Under Rem. & Bal. Code, §§ 167 and 220, where service of a summons is made within twenty-five days after the complaint is filed, the action is deemed commenced from the time of the filing of the complaint, and this applies to actions by private parties.

TAXATION—DEED—ACTION TO SET ASIDE—CONDITIONS PRECEDENT—TENDER OF TAX.　A tender of taxes as a condition precedent to an action to set aside a tax deed is excused where it appears that the defendants claimed title to the land and plainly indicated that any tender would be refused.

Appeal from a judgment of the superior court for King county, Holcomb, J., entered January 29, 1912, upon findings in favor of the plaintiff, in an action to cancel a tax deed.　Affirmed.

*Vince H. Faben*, for appellants.

*Peters & Powell* and *Marion Edwards*, for respondent.

MORRIS, J.—This appeal brings this case for the second time before this court.　The first appeal was decided in *Blinn v. Grindle*, 58 Wash. 679, 109 Pac. 122, to which reference is made for the facts.　The first judgment was one of dismissal, which was here reversed and the cause remanded with directions to proceed with the trial.　This has been done.　The court below on the further hearing sustained the action, from which judgment this appeal is taken.

The judgment is attacked upon three grounds: That the action was brought too late; that respondent was guilty of laches; and lack of tender.　The first two contentions were

[1]Reported in 127 Pac. 840.

disposed of on the former hearing. The former appeal was taken from a judgment based upon the opinion of the lower court that plaintiff was guilty of laches. This court held that the action was not barred by laches, and that it was commenced within the time limited by statute. No new facts are presented sufficient to change the ruling on the first appeal, and that judgment must be accepted as determinative. It might be added that, if the question were a new one, we would hold that, under the facts submitted showing the service to have been made within twenty-five days after the complaint was filed, the action would be deemed commenced from the time of filing the complaint rather than the time of service. Such is the plain meaning of §§ 167 and 220, Rem. & Bal. Code, this court having uniformly held that the last clause of § 167, relative to the commencement of actions, applies to actions by private parties. *Blalock v. Condon*, 51 Wash. 604, 99 Pac. 733.

Upon the question of tender, the case is controlled by *Gould v. Knox*, 53 Wash. 248, 101 Pac. 886; *Gould v. Stanton*, 54 Wash. 363, 103 Pac. 459; *Gould v. White*, 54 Wash. 394, 103 Pac. 460, and *Pillsbury v. Beresford*, 58 Wash. 656, 109 Pac. 193; and, for the reasons there given, tender was waived.

The judgment is affirmed.

Mount, C. J., Ellis, Main, and Fullerton, JJ., concur.