port the amount of damages sustained by the plaintiff and the receiver by reason of the misconduct of the appellant.

The appellant concedes that after the service of the order appointing a receiver upon him he collected rent of the property, notwithstanding the order, which directed the receiver to collect the rents, and which restrained the owner of the fee, her agents and servants, from collecting any rents of the premises after the appointment of the receiver. Any interference by this appellant with the rents and profits after the order appointing the receiver was served upon him was a contempt of court, for which he should be punished. So far as the institution of the dispossess proceeding was concerned, however, I do not see that upon these papers the appellant is guilty of contempt. These proceedings were instituted on May 5, 1901. The only evidence as to the service of the order appointing the receiver is the admission of the appellant that he received it on the 28th day of May. There is no evidence that he had knowledge of the appointment of the receiver at the time he commenced these proceedings. There is nothing, therefore, to justify the court in punishing him for the institution of these proceedings, or for the expense incurred by the receiver in consequence thereof. It would seem that such a reference to take proof of the damage sustained by the receiver was unnecessary. The appellant should be required to pay to the receiver the amount of rent collected after the order for the appointment of the receiver was served upon him, but the amount of such rents appears from the affidavit.

I think, therefore, the order should be modified by adjudging the appellant guilty of contempt, and requiring him to repay to the receiver the amount of rents collected by him after the order appointing the receiver had been served upon him, with $10 costs of the motion in the court below, and without costs of this appeal. If he fails to pay this sum thus awarded within 10 days after the service of this order upon him or his attorney, he should be committed as guilty of contempt. The order, as thus modified, affirmed, without costs.

Order modified as directed in opinion, and, as modified, affirmed, without costs. All concur.

---

(74 App. Div. 478.)

SCHREYER v. CITIZENS' NAT. BANK OF CITY OF YONKERS.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. BANKRUPTCY — PREFERENCES — TESTIMONY BEFORE REFEREE — PREJUDICIAL ERROR.

　　In an action against a bank to set aside a transfer of property by a bankrupt it was prejudicial error to admit in evidence the former testimony of the cashier of the bank before the referee in bankruptcy to show a declaration or admission of his knowledge of the insolvency of the bankrupt at the time the transfer was made, as such evidence was not binding on the defendant.

2. SAME — COMPLAINT — SUFFICIENCY.

　　Under Bankr. Act 1898, § 60a, defining a preference as a transfer which enables one creditor to obtain a greater percentage of his debt than others of the same class, and section 60b, providing that the pref-

erential transfer can only be set aside where it is accepted by the creditor with knowledge of the insolvency, a complaint which merely alleged that the bankrupt was insolvent at the time of the transfer, that this was known to the creditor, and that such transfer created an unlawful preference, but which failed to allege that the creditor will recover, if the transfer be permitted to stand, a greater percentage of its debt than other creditors of the same class, was insufficient.

Appeal from special term, New York county.

Action by Charles M. Schreyer, trustee in bankruptcy, against the Citizens' National Bank of the City of Yonkers. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Ralph Earl Prime, Jr., for appellant.
H. B. Bradbury, for respondent.

LAUGHLIN, J. The action was brought by the trustee in bankruptcy of John Foerst to set aside an assignment or transfer of certain book accounts made by the bankrupt to the defendant less than four months prior to the filing of the petition and the adjudication in bankruptcy. It is alleged that Foerst was insolvent at the time of the transfer, that this was known to the bank, and that such transfer created an unlawful preference in favor of the defendant as against the other creditors. Section 60a of the bankruptcy act approved July 1, 1898, provides, among other things, that where an insolvent transfers property which enables one of his creditors to obtain a greater percentage of his debt than other creditors of the same class, he shall be deemed to have given a preference; and section 60b provides that if a bankrupt shall give a preference within four months before the filing of a petition and before the adjudication, "and the person receiving it or to be benefited thereby, or his agent acting therein, shall have had a reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person." It thus appears that it was necessary to show, not only that the bankrupt was insolvent at the time of the transfer, but that the property was accepted by the bank with knowledge of such insolvency. With a view to establishing this fact, the cashier of the bank was called as a witness on behalf of the plaintiff. He testified that the bankrupt volunteered to assign the accounts for the purpose of securing the indebtedness to the bank. He was closely questioned as to whether the insolvent did not inform him of the existence of other liabilities, and offer to tender an assignment of all his property to the witness as security for the benefit of all creditors. Nothing material in favor of the plaintiff was elicited by this examination. The cashier had been examined before the referee in bankruptcy. It was claimed that on such examination he admitted the facts sought to be established by his examination as herein stated. After being questioned to some extent concerning his testimony before the referee in bankruptcy, such testimony was offered in evidence for the purpose of showing a declaration or admission of knowledge on his part of the

insolvency of the bankrupt at the time of the transfer. It was objected to by the appellant as incompetent, irrelevant, immaterial, and not binding upon it. The objection was overruled, the defendant duly excepted, and the testimony was read in evidence. This testimony was incompetent, and, since it bore upon a material issue in the case, which was not otherwise clearly established in favor of the plaintiff, it constitutes reversible error. It was proper to allow a reasonable amount of latitude in the examination of the cashier concerning his testimony before the referee in bankruptcy for the purpose of refreshing his recollection, and with a view to enabling him to testify as to the facts; but his former testimony was not binding on the defendant, either as an admission or declaration which must have been the object of its introduction, for, of course, it was inadmissible at the instance of the plaintiff for the purpose of impeaching his own witness.

Upon the trial, at the close of the plaintiff's case, the defendant moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The motion was denied, and the defendant excepted. This exception has been urged upon the appeal. The criticism of the complaint is that it alleges as a legal conclusion that the transfer constituted an unlawful preference, instead of stating the facts showing that the bank was thereby preferred over other creditors of the same class. As has been observed, a preference under the bankruptcy act is defined in section 60a and it does not depend upon knowledge of the creditor of the insolvency of the debtor; but the preferential transfer can only be set aside under section 60b where it is accepted by the creditor with knowledge of the insolvency. The statute does not authorize the trustee in bankruptcy to recover all payments accepted by creditors with knowledge of the insolvency of the bankrupt. The recovery is limited to such payments as have the effect of giving the creditor a greater percentage of his debt than other creditors of the same class. In re Henry C. King Co. (D. C.) 113 Fed. 110; Pirie v. Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171. We think the complaint is defective in this regard. It is possible that the deduction may be made from the allegations of the complaint as a whole that the facts exist which constitute this a preference which may be avoided by the trustee in bankruptcy, but there are general allegations to the effect that other unlawful and voidable transfers of property were made by the bankrupt, and there is no specific allegation that the appellant will receive, if this transfer be permitted to stand, a greater percentage of its debt than will be received by other creditors of the same class.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.