## In re ANN ARBOR MACH. CORPORATION.

(District Court, E. D. Michigan, S. D. in Bankruptcy.   June 17, 1924.)

### No. 4562.

Bankruptcy ⬡⟳200(4)—Belief as to whether enforcement of lien would effect preference held immaterial.

> Whether creditor in obtaining judgment and levying execution thereon, had reasonable cause to believe that enforcement of lien would effect a preference, was wholly immaterial on question whether lien under execution levy was discharged and rendered null and void by adjudication in bankruptcy within four months, by reason of Bankruptcy Act, § 67f (Comp. St. § 9651).

In Bankruptcy. In the matter of the estate of the Ann Arbor Machine Corporation, bankrupt. On petition to review a referee's order denying right of creditor to a lien claimed under execution. Order affirmed.

A. F. Freeman, of Detroit, Mich., for petitioner.

Joslyn, Finkelston, Lovejoy & Chilson and Guy A. Birge, all of Detroit, Mich., for trustee in bankruptcy.

TUTTLE, District Judge. This is a petition to review an order of one of the referees in bankruptcy denying the right of petitioner, a creditor of the bankrupt to a lien claimed under an execution levied on certain property of the bankrupt before the filing of the petition in bankruptcy.

The matter is now before the court for the second time, the opinion on the previous petition to review being reported in 278 Fed. 749, where a statement of the facts and proceedings up to that point will be found. As it there appears, petitioner obtained a judgment against the bankrupt and caused an execution upon such judgment to be levied on certain personal property of the bankrupt, all within four months prior to the filing of the voluntary petition in bankruptcy on which the adjudication of the bankrupt was made. After such adjudication, such property came into the possession of the trustee in bankruptcy and was sold by him and the proceeds placed in the custody of the bankruptcy court. Thereafter petitioner filed its petition before the referees, asking that the lien of its execution be enforced, and that the trustee in bankruptcy be directed to pay to it the full amount due under said judgment (which was less than the amount realized from the bankruptcy sale just mentioned). The trustee moved to dismiss said petition, on the ground that the lien claimed by petitioner under its execution levy had been discharged and rendered null and void by the adjudication in bankruptcy within four months thereafter, by reason of section 67f of the

⬡⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bankruptcy Act (Comp. St. § 9651). The applicable provision of this section is as follows:

"All levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same."

The referee granted the motion to dismiss, which decision was reviewed by petitioner before this court and reversed, for the reason that it had not been shown that the bankrupt was insolvent at the time when the execution was levied (there having been no findings nor evidence on this point). It was held by this court that:

"Each of the liens mentioned in section 67f, including that involved here, is dissolved by the subsequent bankruptcy of the debtor only if the latter was insolvent at the time when such lien was obtained."

The matter was therefore remanded to the referee for further proceedings. It was also held that the burden of proof rested upon the trustee to establish insolvency at the time in question.

Further hearings have now been had before the referee, and considerable evidence offered by the parties relative to the value and amount of the assets and liabilities of the bankrupt at the time referred to. From such evidence the referee was satisfied, and has found, that the bankrupt was insolvent within the meaning of the Bankruptcy Act when the levy was made. The referee has accordingly held that the lien of this execution was dissolved by the adjudication, and denied the petition for payment of the claim of petitioner in full, although allowing it as a general, unsecured claim. By petition to review, the petitioner here assails the correctness of the decision of the referee on two grounds, as follows: (1) That the lien of the levy was not affected by the adjudication, because it does not appear that petitioner had reasonable cause to believe that the enforcement of such lien would effect a preference; and (2) that the finding of the referee that the bankrupt was insolvent when the levy was made is not supported by the evidence and is erroneous.

1. The referee has made no finding as to whether petitioner, in obtaining its judgment or levying its execution thereon, had reasonable cause to believe that the enforcement of its lien would effect a preference. The referee was entirely correct in failing to decide or consider that question, as it was wholly immaterial to any issue in the case. That question is material only in cases involving an alleged preference under section 60 of the Bankruptcy Act (Comp. St. § 9644). We are not now dealing with a transaction which is claimed by the trustee to have been merely a preference. We are concerned with a statutory lien which is void, not because it is a preference (although, if valid, it might incidentally have been preferential in a certain sense), but because it was obtained in legal proceedings against the bankrupt, while insolvent, within four months before the filing of the petition on which the adjudication of the bankrupt was made, and therefore is invalidated by section 67f. That section does not refer nor apply to *preferences,* as

such, but to *liens*, and the validity of such liens does not at all depend upon any question of intent or belief. In re Peterson (C. C. A. 7), 200 Fed. 739, 119 C. C. A. 183. The contention of petitioner to the contrary is without merit and cannot be sustained.

2. The findings of the referee and the record containing the testimony on which such findings were based have been examined and considered with care. To refer to them in detail here would serve no useful purpose. It is sufficient to say that I am satisfied that the referee did not err in finding that the bankrupt was insolvent at the time of the levy of the execution involved.

It follows that the lien claimed by petitioner under its execution was nullified by the adjudication in bankruptcy, and the order of the referee should be affirmed. An order will be entered accordingly.