## JACKSON v. OLIVER C. STEELE MFG. CO.
### No. 3576.

Court of Civil Appeals of Texas. Amarillo.
March 25, 1931.

Rehearing Denied April 15, 1931.

Bonner, Bonner & Childress, of Wichita Falls, for appellant.

Kilgore & Rogers, of Wichita Falls, for appellee.

RANDOLPH, J.

J. L. Jackson, Jr., as trustee in bankruptcy, brought this suit in the district court of Wichita county, Tex., against Oliver C. Steele, doing business under the name and style of Oliver C. Steele Manufacturing Company, to recover the sum of $4,500 paid to·him upon a debt owing to said Steele, which debt was in the sum of $17,000. An instructed verdict in favor of the defendant was returned by the jury, and judgment rendered in his favor by the trial court. Appeal was taken therefrom by plaintiff to this court.

The evidence clearly shows that the Wichita School Supply Company, a corporation, was adjudged a bankrupt; that the plaintiff was duly appointed trustee in said bankruptcy proceedings, and that within four months prior to such bankruptcy the president of said bankrupt corporation paid to the defendant the sum of $4,500 in cash. The plaintiff claims in his petition that this payment was void as being a preference of creditors.

The Bankruptcy Act, § 60 (USCA, title 11, § 96), provides as to preference of creditors, as follows:

"(a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.

"(b) If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.

"(c) If a creditor has been preferred, and afterwards in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estates, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him.

"(d) If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be reexamined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

Under the provisions of this section, in order that the trustee may recover property or money paid to a creditor as a preference, it must appear that the payment was made when the party who made it was insolvent; was made within four months of the bankruptcy; in procuring or suffering a judgment to be entered against himself or making a transfer of his property to a creditor; the effect of which will be to enable one creditor to obtain a greater percentage of his debt than any other creditor of the same class. Such a preference is voidable at the instance of the trustee, if the person receiving it, or to be benefited thereby, has reasonable cause to believe that the enforcement of the judgment or transfer will result in a preference. If any of these elements is wanting, a preference cannot be set aside if otherwise valid under the state law. The burden of proof of existence of the essential elements of a transfer is upon the trustee seeking ʲto avoid it. Collier on Bankruptcy (13th Ed.) p. 1248.

There is a question presented here which controls in the disposition of the case and renders unnecessary the discussion of the other questions presented by this appeal.

Subdivision (a) of section 96 requires that, even if all the conditions of payment of property or money to the creditor be complied with, yet the burden is upon the trustee to prove that the receipt by the creditor of the preference payment "will be to enable any one of his creditors to obtain *a greater percentage of his debt than any other of such creditors of the same class.*" (Emphasis ours.)

"It is not necessary that other creditors of the same class actually shall have received the same proportions, in order to exonerate from the charge of preference, if enough is left to give them the same proportion." 4 Remington on Bankruptcy, 597, § 1812.

"It is essential to a recovery in cases of this kind that the effect of the payment was to enable one creditor to obtain a greater percentage of his debt than other creditors of the same class." Id.

The primary purposes of subdivisions (a) and (b) of this section is to secure equality of distribution among creditors of the same class. In re Bloch (C. C. A. N. Y. 1905) 142 F. 674, 676, 15 A. B. R. 748; Dulany v. Morse (D. C. 1913) 39 App. D. C. 525; Utah Association of Credit Men v. Boyle Furn. Co. (1913) 43 Utah, 523, 136 P. 572.

"Any transfer of the bankrupt's property, made or effected within four months before the filing of the petition in bankruptcy, and while the bankrupt was insolvent, will under subdivision (a) of this section [section 96], be deemed to be a preference, if the effect of such transfer is such as to enable any one of the bankrupt's creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." 11 USCA p. 345, and citing very many authorities.

"The test of the classification of creditors for the purpose of determining whether an alleged preference will enable the one receiving it to receive more than other creditors of the same class, is the percentage of their claims which they are entitled to draw out of the estate of the bankrupt." 7 C. J. 163.

We have carefully gone over the statement of facts in this case, and find no classification introduced in evidence. Neither do we find that the bankruptcy court entered such classification order. The evidence shows that there were quite a number of accounts paid in full, some paid in part, and a number not paid, but there is no satisfactory proof of any classified accounts being paid which would enable the trial court or this court to determine whether or not the defendant, by accepting the payment of the $4,500 in money within the four months, had obtained a greater percentage of his debt than any other creditor of the same class.

For that reason, we affirm the judgment of the trial court.