SIMANDL v. PARAGON PAINT & VARNISH CORPORATION et al.

No. L-5813.

District Court, E. D. New York.

Nov. 28, 1934.

Furst, Schwartz & Schwager, of Brooklyn, N. Y. (Julius Schwartz, of Brooklyn, N. Y., and Hamilton Lieb, of New York City, of counsel), for complainant.

Archibald Palmer, of New York City (Soffer & Rediker, of New York City, of counsel), for respondents.

GALSTON, District Judge.

This cause was transferred from the equity to the common-law side of the court, and was thereupon, upon stipulation, tried without a jury.

Complainant alleges that, within four months prior to the filing of the involuntary petition in bankruptcy against Samuel Elkin, Inc., bankrupt, while insolvent and indebted to the respondent Paragon Paint & Varnish Corporation, made two preferential payments, one by the transfer of outstanding accounts receivable of the bankrupt in the sum of $20,000, and the other by the execution and delivery of its bond and mortgage in the sum of $10,000 on property of Samuel Elkin, Inc.

The complainant seeks an accounting. and judgment in the amount of $30,000.

The bankrupt, Samuel Elkin, Inc., succeeded to the business of the firm of Citrin & Elkin. That firm had purchased merchandise over a period of time from the Paragon Paint & Varnish Corporation, and was indebted to the Paragon Paint & Varnish Corporation in October, 1930, in the sum of approximately $25,000. About that time a fire occurred on the premises of Citrin & Elkin. The firm had assured the Paragon Corporation that, as soon as the fire loss was adjusted, a payment of $10,000 would be made on the respondent's account. Thereafter, instead of a payment of $10,000, only $700 was paid to the Paragon Company. Negotiations followed, and various conferences were held between the Paragon Corporation and the firm, and eventually, as a result thereof, the firm caused the incorporation of Samuel Elkin, Inc., to be effected in January, 1931; and at some time, but when does not appear from the record, the firm transferred all of its assets to the corporation.

On February 7, 1931, various agreements were entered into between the parties. One of these agreements (Complainant's Exhibit 3) was between Paragon Paint & Varnish Corporation and Philip Citrin and Samuel Elkin. This agreement recited that the firm was indebted to Paragon in the sum of $27,-000, and, as a consideration for a forbearance to sue, the partners agreed that they would pay to Paragon, on the aforesaid indebtedness, $1,000 on March 10, 1931; $1,000 on April 15, 1931; $1,500 on the 10th of each month thereafter until the entire sum was paid. To secure the payment of the indebtedness, the partners undertook to execute their bond in the sum of $10,000 to be secured by a mortgage on their property at 403 East Jersey street in the city of Elizabeth, N. J.; and as additional security they also agreed to assign all their accounts receivable; and Samuel Elkin undertook to transfer all of his shares of the capital stock in Samuel Elkin, Inc., but with no voting power therein, unless and until a default of the terms and conditions of the agreement arose. Simultaneously there was executed by the partners an assignment of the accounts receivable referred to, aggregating about $28,000, and likewise the bond and mortgage for $10,000.

On the same day and at the same time an agreement was executed between the Paragon Corporation and Samuel Elkin, Inc., wherein Paragon appointed the corporation as its agent to collect the accounts receivable. Though this agreement provided that the moneys collected by Samuel Elkin, Inc., should be the absolute property of the Paragon Corporation, Paragon, nevertheless, authorized Samuel Elkin, Inc., to retain the moneys collected, on condition that the corporation transmit, to Paragon, $1,000 on March 10, 1931; $1,000 on April 1, 1931; and $1,500 on the 10th day of each month thereafter, until the entire indebtedness was paid off. The indebtedness referred to was the indebtedness of the firm to Paragon, the payment of which indebtedness had been assumed by the corporation.

This agreement further recited that Samuel Elkin, Inc., was empowered in the collection of these accounts to withhold any sums in excess of the aforesaid monthly payments on condition that the corporation set over to Paragon accounts accruing in the regular course of business, in lieu of the amounts collected and retained by Samuel Elkin, Inc.

It must be observed that the assignment of the accounts receivable from the firm of Citrin & Elkin to Paragon, and the subsequent designation by Paragon of Samuel Elkin, Inc., as its agent to collect those accounts, are not consistent with the proof offered by the complainant that all of the assets of the firm had been assigned to the corporation.

Of course, if Samuel Elkin, Inc., never had title to these accounts and acted merely as agent in the collection of these accounts, then obviously this action must fall, because the corporation, therefore, was never in a position to assign the accounts. The complainant produced no evidence, so far as I am able to find from the record, of any such transfer of assets from the firm to Samuel Elkin, Inc., except the testimony of Samuel Elkin that all assets had been so transferred, and the recital in the bill in chancery in the New Jersey court filed by Paragon Paint & Varnish Corporation for the appointment of a state receiver of the assets of Samuel Elkin, Inc., wherein the respondent herein, being the plaintiff in the chancery suit, alleged that "the total assets of the partnership were conveyed to the corporation in return for stock received in the corporation," etc.

On the assumption, however, that the corporation had acquired these accounts receivable by assignment, we may proceed to determine whether the complainant has succeeded in sustaining the burden of proof in respect to his cause of action.

Section 60a of the Bankruptcy Act (U. S. C. title 11, § 96(a), 11 USCA § 96(a) provides that a person shall be deemed to have

given a preference if, being insolvent, he has, within four months before the filing of the petition, made a transfer which would enable any of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.

Subdivision (b) of the same section (11 USCA § 96(b) enables the trustee to recover the property or its value providing the person receiving the property shall have had reasonable cause to believe that the transfer would effect a preference.

■ It is seen then that, as a condition precedent to recovery, the burden is upon the trustee to prove insolvency of the bankrupt at the time of the making of the transfer.

Assuming, as we have, that the bankrupt had title to the accounts receivable, the proof discloses that the bankrupt's assets on February 7, 1931, were the following:

Accounts receivable................ $28,416.40
Merchandise ........................ 15,000.00
Real Estate—Equity................ 6,000.00
Trucks and cars.................... 1,800.00
Equipment—Fixtures .............. 4,000.00
Mortgage receivable............... 3,000.00
                                    _____
Total ..................................... $58,216.40

As against the aforesaid assets the liabilities were the following:

Paragon Paint & Varnish Co......... $27,000
McDougall Butler & Co.............. 15,000
Other creditors...................... 5,000
                                    _____
Total ..................................... $47,000.00

Of the above figures most of them were given by Samuel Elkin. The equity in the real estate was given by the bankrupt's expert appraiser. The equipment was an item which appeared on a financial statement issued March 31, 1931, to the Chatham & Phenix National Bank, which, however, Elkin contended, though given by himself, was false. This is true also of the item of $1,800 for trucks and cars. If one, therefore, were to deduct the sum of $5,800 in toto from the assets enumerated above, there would still remain $52,416.40, as against $47,000 of liabilities; and this figure makes no allowance for an added equity in the real estate resulting from the reduction in the first mortgage of $1,000.

On this showing the complainant fails to establish insolvency.

Now it may well be as to the accounts receivable that they were not worth their face value; and the failure indeed of the respondent to collect more than $930.59 would indicate that they were not worth anything like their face value. But, on the other hand, there is no proof whatsoever that the Paragon Corporation was informed that the accounts receivable were not good and collectible. Plaintiff's Exhibit 4 contains a representation by Citrin & Elkin that the accounts assigned represented bona fide sales of merchandise, and indeed the assignors covenanted that the customer would pay in full for the merchandise described in the statement of accounts affixed to the agreement.

Under the test laid down in In re Salmon (C. C. A.) 249 F. 300, 303, the alleged preference should not be set aside: "To constitute a voidable preference under the Bankruptcy Act [11 USCA], the person receiving the payment, or to be benefited by it, must have had reasonable cause to believe that the debtor was at the time insolvent and that the payment would effect a preference; and insolvency under the act means something more than that the debtor was financially embarrassed and hard pressed by his creditors. This condition may exist, and the debtor still be solvent, so that if the executor, who received payment, simply knew that the debtor said that he was having difficulty in financing his firm, it would not taken alone be reasonable cause to believe him insolvent, especially in view of the fact that he had made the same remark a year before, and had thereafter told him that he had 'financed' and was 'all right again.' The law is well established that, even if the creditor entertains doubts concerning the solvency of the debtor, it is not enough. He must have a knowledge of such facts as will carry him beyond this and furnish a reasonable ground to believe that the payment will give him preference over other creditors." See, also, Cohen v. Hodes (D. C.) 54 F.(2d) 680.

■ It seems to me that, viewed from another standpoint, complainant herein must fail, for, as to the accounts receivable, the collection and control were not in the assignee, but always in the assignor. That dominion was not intended seems to be indicated, moreover, by the fact that only names and amounts appear on the list of accounts, but no addresses.

In similar circumstances, it was held in Re Borok (C. C. A.) 50 F.(2d) 75, and under the doctrine of Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 691, that the assignment was void and ineffective to create a lien on the accounts receivable. Since, therefore, the assignment was ineffective, the assignee made no effort from the time that the petition in bankruptcy was filed to collect the

outstanding accounts, and they remained the property of the bankrupt.

In respect to the mortgage for $10,000, it is utterly worthless, the property having been foreclosed under action brought by the first mortgagee.

At most, therefore, the complainant would be entitled to the sum of $930.59, representing accounts collected by the respondent prior to the filing of the petition in bankruptcy; but, because of the failure of the complainant herein to prove insolvency at the time of the transfer of the accounts receivable, judgment must be rendered for the respondents.