ALBERT C. DRUCKER, as Trustee in Bankruptcy of STAR STATIONERY Co., INC., Plaintiff, *v.* NATHAN E. CHASE and Others, Defendants.

Supreme Court, Special Term, New York County, July 23, 1940.

*S. Ansel,* for the plaintiff.

*L. Zinkin,* for the defendants.

BENVENGA, J. This is an action by a trustee in bankruptcy to recover moneys realized by a city marshal under an execution and sale. The plaintiff, on the trial, elected to base recovery upon the third cause of action. It alleges that the Star Stationery Company, while insolvent, suffered a judgment to be entered against it and in favor of the defendants Pollack and Schnitzer; and that the sale under the execution resulted in a preference to the defendants, which enabled them to obtain a greater percentage of their debt than any other creditors of the same class.

The evidence is overwhelming that, at the time judgment was entered against it, the Star Company was insolvent. The evidence also shows that the judgment was entered within less than four months prior to the filing of a petition in bankruptcy against the company. But there is no evidence that the defendants knew or had reasonable cause to believe that the company intended to give them a preference over other creditors of the same class.

The question presented is whether the complaint is based upon subdivision (f) of section 67 of the Bankruptcy Act (U. S. Code, tit. 11, § 107, subd. [f]), as the plaintiff contends; or whether it is based

upon subdivisions (a) and (b) of section 60 of the Bankruptcy Act (U. S. Code, tit. 11, § 96, subds. [a], [b]) as claimed by the defendants. If the complaint is based upon subdivision (f) of section 67, then the plaintiff is entitled to judgment; for the evidence shows that the judgment was entered against the Star Company while it was insolvent and within the stated four months' period. That, of itself, nullifies the judgment and levy, and requires that the proceeds of the sale be turned over to the plaintiff as trustee in bankruptcy. On the other hand, if the complaint is based upon subdivisions (a) and (b) of section 60, then concededly the defendants are entitled to judgment; for the evidence shows that, although the Star Company suffered the judgment to be entered against it while insolvent, and even though it may have been the intent of the company to give the defendants preference, yet there is no evidence that the defendants knew or had reasonable cause to believe that the company intended to give them a preference. (See *Matter of Ann Arbor Machine Corp.*, 300 Fed. 328; *Simandl* v. *Paragon Paint & Varnish Corp.*, 8 F. Supp. 1011; *Schreyer* v. *Citizens National Bank*, 74 App. Div. 478.)

A reading of the complaint in the light of the provisions of the aforementioned sections shows that it is based upon subdivision (f) of section 67 and not upon subdivisions (a) and (b) of section 60. The complaint does not allege that the Star Company, while insolvent, suffered a judgment to be entered against it which enabled the defendants to obtain a preference over the creditors, *and that the defendants knew or had reasonable cause to believe that it was intended to give them preference,* which would be a good complaint under subdivisions (a) and (b) of section 60. It merely alleges that, while insolvent, the Star Company suffered a judgment to be entered against it and in favor of the defendants, which is a good complaint under subdivision (f) of section 67. It is true that the complaint also alleges that, as a result, the defendants obtained a preference over other creditors. (Cf. paragraph 13 with section 60, subd. [a].) But that allegation is a mere legal conclusion; it is surplusage and may properly be disregarded.

Judgment for the plaintiff.